## IN THE MATTER OF THE ESTATE OF JOHN HERRMAN, DECEASED, APPEAL OF ELIZABETH GAUER AND OTHERS.[1]

May 2, 1924.

No. 23,936.

**Appeal from order or judgment of probate court.**

1. An appeal from an order or judgment of the probate court must be taken within 30 days from notice thereof, and within 6 months from the entry thereof.

**Service of notice on foreign consul.**

2. The consul of a foreign country may take appropriate measures for protecting the interests of the citizens of that country, and for securing to them an opportunity to assert and maintain their claims to property, but he is not their personal agent unless specially authorized to represent them, and service of process or notices upon him does not operate as service upon them in the absence of such authority.

**Citizens of his country not bound by action of their consul.**

3. Where a consul, without special authority, filed objections to a will on behalf of citizens of his country, service upon him of the order allowing the will did not limit the time within which such citizens could appeal therefrom.

The German Consul General of Chicago filed objections in the probate court for Dakota county to the allowance of the last will and testament of John Herrman. The will was admitted to probate by Moran, J. From the order admitting the will to probate Elizabeth Gauer and others appealed to the district court for that county where Converse, J., granted the motion of the executor to dismiss the appeal. Appellants' motion for findings of fact was granted. From the order dismissing the appeal, appellants appealed. Reversed.

*Moritz Heim* and *Albert Schaller,* for appellants.

*J. M. Millett,* for respondent.

[1]Reported in 198 N. W. 1001.

TAYLOR, C.

John Herrman, a resident of the city of Hastings in Dakota county, died November 26, 1921, leaving an instrument purporting to be his last will and testament which was admitted to probate as such by the probate court of Dakota county on April 8, 1922. At the hearing in probate court, Rudolph Steinbach, German Consul General at Chicago with consular jurisdiction in the state of Minnesota, appeared by Moritz Heim, his attorney, and, alleging upon information and belief that the deceased left him surviving next of kin and heirs at law who were citizens and residents of Germany, filed objections to the allowance of the will for and on behalf of such heirs. On April 18, 1922, a certified copy of the order admitting the will to probate was served on Moritz Heim personally by a deputy sheriff at the direction of the attorney for the executor of the will. On October 6, 1922, the appellants served a notice of appeal to the district court from the order of the probate court admitting the will to probate, and in the notice of appeal asserted that they were next of kin and heirs at law of the deceased who were aggrieved by the order, and who, being entitled to be heard thereon, did not appear or take part in the proceedings in the probate court. On motion of the executor the district court dismissed the appeal for the reason that it was not taken within 30 days after the service upon Heim of the certified copy of the order allowing the will. The appellants appealed to this court from the order of dismissal.

The statute provides that no appeal shall be effectual for any purpose unless within 30 days after notice of the order, judgment or decree appealed from, the appellant shall serve a written notice of appeal upon the adverse party, his agent or attorney who appeared in court, and further provides that no appeal from an order, judgment or decree shall be taken after 6 months from the entry thereof. G. S. 1913, § 7492. No appeal from an order, judgment or decree of the probate court can be taken after the expiration of 6 months from the entry thereof, nor after the expiration of 30 days from the written notice of such order, judgment or decree to the party taking the appeal. Here the appeal was taken less than 6

months after entry of the order allowing the will but more than 30 days after service of a copy of the order on Heim, and the question presented is whether serving the order on Heim limited the time within which appellants could appeal to 30 days from that date.

Appellants insist that the service of a certified copy of the order by the sheriff, not accompanied by any notice showing at whose instance, or for what purpose, it was served, was not such a notice as the law requires in order to limit the time for appeal. We shall assume that service of the order was sufficient to give the requisite notice thereof, but are unable to assent to the claim of respondents that service on Heim was binding on the appellants and limited their time for taking an appeal. Heim was the attorney and representative of the Consul General, and service on him operated as service on the Consul General, but not as service on the appellants unless service on the Consul General was equivalent to service on them.

The decedent left neither wife nor children. His will gave his entire estate, outside a few minor bequests, to relatives living in this country. The Consul General was informed of the pendency of the probate proceedings and that the decedent had relatives living in Germany who would be entitled to share in the estate but for the will. Without any communication with these relatives, or even knowing who they were, he had his attorney appear at the hearing and file objections to the allowance of the will. Apparently he did nothing more in the probate proceedings.

"A consul, though a public agent, is clothed with authority only for commercial purposes; but he has an undoubted right to watch over the interests of his countrymen when they are not otherwise represented. He may interpose claims for the restitution of property belonging to them, but he cannot receive the actual restitution of the property in controversy without a specific authority from the particular individual who is entitled to it." 7 Am. & Eng. Enc. (2d ed.) 8.

A consul may doubtless take appropriate measures for the protection of the property interests of the citizens of the country which

he represents in cases where they have no other representative and are not present to act for themselves. But he acts merely in his official capacity as the representative of his government, and not as the personal agent or representative of the parties in interest, unless he has been given special authority to act for and represent them. See 9 R. C. L. 157; 2 C. J. 1307; Austro-Hungarian Consul v. Westphal, 120 Minn. 122, 139 N. W. 300; Hamilton v. Erie R. Co. 219 N. Y. 343, 114 N. E. 399, Ann. Cas. 1918A, 928; Ljubich v. Western Cooperage Co. 93 Ore. 633, 184 Pac. 551; Chryssikos v. Demarco, 134 Md. 533, 107 Atl. 358. His acts are provisional and for the purpose of preserving the property and securing for his nationals an opportunity to assert and maintain their rights thereto.

Consular officers are frequently given special rights and powers by statute or treaty, but there is no claim that any statute or treaty gave the German Consul any special right or power to act in the present instance. We have been cited to no case, and we have found none, holding that a consul, simply by virtue of his office, has power to act for and represent individual claimants to property, so as to foreclose their claims thereto, without special authority from them to do so. Unless specifically authorized to represent claimants by statute, treaty or the claimants themselves, he is not the personal agent of the individual claimants, and service of process or other papers upon him does not operate as service upon them. It follows that service of the order upon Heim did not operate to limit the time within which the appellants could take an appeal, and that the court erred in dismissing the appeal.

The order is reversed.