IN RE ESTATE OF PAT IOFREDO.
JOHN G. MOLD AND ANOTHER, *d.b.a.* CLOVER HILL
TURKEY FARM, v. ANTOINETTE IOFREDO.[1]

February 26, 1954.

No. 36,336.

*Otis H. Godfrey,* for appellants.
*Alfred R. Sundberg,* for respondent.

CHRISTIANSON, JUSTICE.

Appellants, creditors of the estate of Pat Iofredo, decedent, appeal from a judgment of the Ramsey county district court dismissing their appeal from an order of the Ramsey county probate court allowing the administratrix's account and from a partial decree of distribution entered in said estate.

—————
[1]Reported in 63 N. W. (2d) 19.

Notice of entry of the order allowing the account and the partial decree of distribution was mailed by the attorney for the estate to appellants and to their attorney on August 22, 1952. Appellants served notice of appeal therefrom to the district court on September 25, 1952, and filed the same together with proof of service thereof and their appeal bond the same day. Respondent moved the district court to dismiss the appeal on the ground that the appeal was not taken within the time prescribed by law. Thereafter, appellants made a motion in the district court to enlarge the time within which to perfect their appeal. Both motions were heard at the same time, and on January 5, 1953, the district court entered its order denying appellants' motion to enlarge the time within which to appeal and granting respondent's motion to dismiss the appeal. Judgment of dismissal was subsequently entered in the district court and appellants appeal to this court therefrom.

Appellants contend that the purported service by mail of the notice of the filing of the order allowing the account and the partial decree of distribution was ineffectual to start the time running in which to appeal to the district court. They assert that the only form and manner of service authorized by M. S. A. 1949, § 525.712,[2] was that prescribed by M. S. A. 1949, §§ 543.17 and 543.18.

Section 525.712 before it was amended in 1953 provided as follows:

"Such appeal may be taken by any person aggrieved within 30 days after service of *notice of the filing of the order, judgment, or decree appealed from,* or if no such notice be served, within six months after the filing of such order, judgment, or decree. To render the appeal effective (1), the appellant shall serve upon the adverse party or his attorney or upon the probate judge for the adverse person who did not appear, a written notice of appeal specifying the order, judg-

---

[2]Since L. 1953, c. 476, amending this section was not approved until April 21, 1953, the provisions thereof are not applicable to the instant case. However, it should be noted that the provision appearing in M. S. A. 1949, § 525.712, that "The notice of the order, judgment, or decree appealed from, the notice of appeal, and the bond if required, shall be served as in civil actions in the district court," was omitted from this section when it was amended in 1953.

ment, or decree appealed from, and file in the probate court such notice with proof of service thereof; (2) pay to the probate court an appeal fee of $3.00 to apply on the fee for the return; and (3) the appellant, other than the state, the veterans' administration, or a representative appealing on behalf of the estate, shall file in the probate court a bond in such amount as that court may direct, conditioned to prosecute the appeal with due diligence to a final determination, to pay all costs and disbursements, and to abide the order of the court therein.

"*The notice of the order, judgment, or decree appealed from,* the notice of appeal, and the bond if required, *shall be served as in civil actions in the district court.*

"When a party in good faith gives *due* notice of appeal and omits through mistake to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just." (Italics supplied.)

Respondent concedes that, if §§ 543.17 and 543.18 were applicable, appellants' appeal to the district court was timely and the judgment of dismissal should be reversed. However, respondent points out that both of these sections of the statute were superseded by Rules 5.02 and 6.05 of the Rules of Civil Procedure for the district courts of this state which became effective on January 1, 1952. See, Rules 86.01 and 86.02 and Appendix B(1) of Rules of Civil Procedure. Respondent further points out that, although Rule 81.02 of the Rules of Civil Procedure provides: "These rules do not supersede the provisions of statutes relating to appeals to the district courts," the statute governing appeals from the probate courts to the district courts (§ 525.712) expressly provides that "The notice of the order, judgment, or decree appealed from, * * * shall be served as in civil actions in the district court." Rule 5.02 insofar as here material provides: "Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address * * *. Service by mail is complete upon mailing." Rule 6.05 provides that in the computation of time three

days shall be added to the prescribed period in the case of service by mail.

It seems clear to us that Rules 5.02 and 6.05 were applicable in the instant case, that service of notice of the filing of the order allowing the account and the partial decree of distribution by mail was authorized, and that appellants' time within which to appeal to the district court commenced to run August 23, 1952, the day following the mailing of the notice.

Applying Rules 5.02 and 6.05 to the facts of the instant case, it is clear that appellants, in not serving their notice of appeal until September 25, 1952, were one day late. They concede that their notice of appeal was not served until the 34th day after written notice of the filing of the order and decree appealed from had been mailed to them and their attorney. They argue, however, that if personal service of the notice had been made on August 22, 1952, the date of mailing, they would have had until Monday, September 22, 1952, in which to perfect their appeal since the 30-day period prescribed by the statute would have fallen on Sunday, September 21, 1952. See, Rule 6.01 of Rules of Civil Procedure. They further argue that since under Rule 6.05 three days shall be added to the prescribed period in the case of service by mail, they had until September 25, 1952, or a total of 34 days in which to perfect their appeal.

Appellants' contention is novel, but we find no basis for it in view of the facts of this case. Here, service was made by mail and it is clear from Rule 6.05 that appellants had 33 days thereafter in which to perfect their appeal. Since the 33rd day did not fall on a Sunday or holiday, their appeal was not taken within the period prescribed by law.

Appellants also contend that the notice of the filing of the order allowing the account and partial decree of distribution was insufficient under § 525.712. Although the form of the notice mailed to appellants and their attorney could be improved upon, we think that the form and text of the notice was sufficient to put appellants and their attorney on notice of the filing of the order and decree in the probate court and to limit their time to appeal therefrom.

Furthermore, since appellants' notice of appeal was not served within the period prescribed by law, it seems clear from the last paragraph of § 525.712 that the district court lacked jurisdiction to enlarge the time for appellants to perfect their appeal to that court under Rule 6.02.

It therefore follows that the judgment of the district court dismissing said appeal should be affirmed.

Affirmed.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.