IN RE ESTATE OF BERNTENE G. BERNIER.
CARL B. KNUDSEN v. NELLIE M. MINER AND ANOTHER.

131 N. W. (2d) 42.

October 16, 1964—No. 39,459.

*Feinberg, Mirviss, Meyers, Schumacher & Malmon,* for appellant.
*Miner, Miner & Miner,* for respondents.

SHERAN, JUSTICE.

Appeal from an order of the District Court of Hennepin County dismissing the appeal of Carl B. Knudsen, sole heir of Berntene G. Bernier, deceased, from an order of the probate court of that county made and filed June 10, 1963, allowing an instrument dated April 17, 1962, as the last will and testament of said decedent and admitting it to probate.

The determinative question is whether a notice delivered to the heir on June 18, 1963, was a "notice of the filing of the order" within the meaning of Minn. St. 525.712, which provides that an appeal may be taken from an order of the probate court admitting a will to probate "by any person aggrieved within 30 days after service of notice of the filing of the order, judgment, or decree appealed

from, * * *." If it was, the appeal was properly dismissed since service of the notice of appeal was not made until December 9, 1963.

The disputed notice reads as follows:

"STATE OF MINNESOTA          IN PROBATE COURT
COUNTY OF HENNEPIN          File No. 101282
"RE: ESTATE OF ·        NOTICE OF ALLOWANCE OF LAST WILL
Berntene G. Bernier, also    AND TESTAMENT OF DECEDENT AND
known as Berntene Bernier,    APPOINTMENT OF EXECUTORS
         Decedent

\*    \*    \*.    \*    \*

"To: CARL B. KNUDSEN.

"Notice is hereby given that the Last Will and Testament of the above decedent, dated April 17th, 1962 was allowed by the above Court on June 10th, 1963 and Nellie M. Miner and Northwestern National Bank of Minneapolis, both of Hennepin County, Minnesota, were appointed Executors of the estate of said decedent on June 10th, 1963."

Appellant contends that this notice was not effectual because, although it served to notify Knudsen that the last will and testament "was allowed," it did not inform him specifically that an order was *filed*.

In serving a notice in order to limit the time to appeal as fixed in § 525.712, it is good practice to state specifically that the order, judgment, or decree involved was filed with the clerk of the probate court; to attach a copy of such order, judgment, or decree to the notice; and to state specifically that the purpose of the notice is to limit the time for appeal pursuant to the statute. However, our prior decisions compel the conclusion that the notice served in this case was adequate.

In the case of In re Estate of Nelson, 180 Minn. 570, 573, 231 N. W. 218, 220, decided in 1930, the Minnesota Supreme Court said in a unanimous opinion written by Mr. Justice Stone with respect to the notice there involved:

"There is no merit in the assignment of error which challenges

the sufficiency of the notice of the filing of the order appealed from. It advised appellants definitely of the nature and effect of the order and that it had been filed. That was enough."

Although the order is not set out in the opinion, we find upon examination of the record in that case that, so far as material, it read:

"You Will Please Take Notice, that the Probate Court in and for St. Louis County, Minnesota, rendered a decision consisting of Findings of Fact, Conclusions of Law and Order for Judgment, the effect of which is that it allowed the claim of the National Surety Company against the estate of Andrew D. Nelson * * * in the sum of $2,944.70."

However, the appellant in the Nelson case did not make specific contention that the language of the notice failed to state explicitly that the order had been filed.

The problem occurred again in the case of In re Estate of Iofredo, 241 Minn. 335, 63 N. W. (2d) 19, decided in 1954. The notice subjected to scrutiny read in part as follows:

"To all of the creditors of the Estate of Pat Iofredo, please take notice:

"That on July 22, 1952, an Order Allowing the Final Account in the above-entitled estate was entered by the Court herein."

The appellant in that case complained specifically that the notice did not state that the order was "filed." In disposing of the problem this court, in a unanimous opinion written by Mr. Justice Christianson, said (241 Minn. 338, 63 N. W. [2d] 21):

"* * * Although the form of the notice mailed to appellants and their attorney could be improved upon, we think that the form and text of the notice was sufficient to put appellants and their attorney on notice of the filing of the order and decree in the probate court and to limit their time to appeal therefrom."

In re Estate of Herrman, 159 Minn. 274, 198 N. W. 1001, assumed but did not decide that service of a certified copy of an order was sufficient to limit the time to appeal.

The order of the probate court of Hennepin County allowing the will is included in the supplemental record filed by respondents and from the face of this order it appears that it was in fact filed on June 10, 1963, the same date on which it was executed by the judge of that court.

In light of these prior decisions, we conclude that the notice served on June 18, 1963, constituted a "notice of the filing of the order" and that the notice of appeal served on December 9, 1963, was not timely.

Affirmed.