**STATE of Minnesota, Appellant,**

v.

**Joan Marie NERZ, et al., Respondents.**

**No. C0–97–1013.**

Court of Appeals of Minnesota.

Dec. 16, 1997.

Hubert H. Humphrey III, Attorney General, Katherine M. Brennan, Assistant Attorney General, St. Paul, for Appellant.

Earl P. Gray, Mark D. Nyvold, St. Paul, for Respondents.

Considered and decided by WILLIS, P.J., and NORTON and SCHUMACHER, JJ.

## OPINION

NORTON, Judge.

Appellant challenges the district court's order granting a motion to dismiss based on timeliness, arguing the district court erred in calculating the time provided under the applicable statute. The district court properly determined that appellant failed to file the amended complaint within the prescribed time period. We affirm.

## FACTS

Originally, respondents Joan Marie Nerz and Phoenix Medical Services, Inc. were charged by complaint with 11 counts of theft by false representation. In reply to respondents' motion, the district court dismissed the complaint for lack of probable cause. On August 9, 1996, appellant State of Minnesota filed a motion to stay dismissal of the original complaint and to file an amended complaint. Based on written arguments of counsel, the district court granted appellant's motion on Tuesday, September 24, 1996, and gave appellant "five working days" to file an amended complaint. That same day, a copy of the order and memorandum were mailed to both appellant and respondents.

On October 2, 1996, the amended complaint was signed and sworn to before a notary public and hand delivered to the court administrator's office, where it was stamped "filed." On October 3, 1996, a district court judge found probable cause and signed the amended complaint, which was then filed

with the court administrator. The amended complaint is listed as filed on October 3, 1996.

On October 17, 1996, respondents filed two separate motions to dismiss the amended complaint. Another judge granted respondents' motion to dismiss based on appellant's failure to file the amended complaint in a timely manner. However, the judge denied respondents' motion to dismiss for improper aggregation of offenses.

Appellant is now challenging the order dismissing the amended complaint based on timeliness.

## ISSUES

1. Did the district court err in calculating the period of time appellant was allowed to file its amended complaint?

2. Did the district court err when it found that appellant had not filed its amended complaint until a district court judge found probable cause and signed the complaint?

## ANALYSIS

■ When interpreting rules of criminal procedure, the district court's interpretation is a question of law that is subject to de novo review on appeal. *State v. Pettee*, 511 N.W.2d 43, 45 (Minn.App.1994), *aff'd*, 538 N.W.2d 126 (Minn.1995).

■ According to the rules of criminal procedure, time frames must be followed when an indictment is dismissed for a curable defect. Minn. R.Crim. P. 17.06. The rule states in relevant part:

The specified time for such amended or new indictment or complaint shall not exceed * * * seven (7) days for amending an indictment or complaint or for filing a new complaint. * * * If the prosecution does not make the motion within the seven-day period or if the indictment or complaint is not amended or if a new indictment or complaint is not filed within the time specified by the order, the defendant shall be discharged and further prosecution for the same offense shall be barred.

*Id.*, subd. 4(3). An additional three days are added to the prescribed time period when a party receives notice by mail.[1] Minn. R.Crim. P. 34.04. Appellant claims the district court erred in calculating the time period appellant had to file the amended complaint. We disagree.

Based upon the written arguments of counsel, the district court in this case granted appellant's motion to stay the dismissal of the original complaint. In a written order, the district court granted a stay for five working days. The judge signed this order on Tuesday, September 24, 1996; the clerk mailed it to appellant on the same day, thus triggering the additional three days for service by mail.

The parties to this appeal are in conflict over how to compute the additional three days. According to Minn. R.Crim. P. 34.01:

When a period of time prescribed or allowed is seven days or less, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Appellant argues it was entitled to the benefit of the two weekend days, as part of the prescribed period of five working days, as well as the three days afforded by rule 34.04. Respondents, on the other hand, argue that appellant's five days to file an amended complaint increased to eight days because of the additional time under rule 34.04. The district court, in its order, found that appellant had eight days to comply, so long as those eight days included five working days. The eight days, starting Wednesday, September 25, ended Wednesday, October 2, and included six working days. According to this calculation, the state failed to meet the deadline by one day, since it filed the amended complaint October 3.

Appellant claims that the original prescribed period was, in effect, seven calendar days; that is, five working days and two

---

1. Appellant also asks this court to look to the federal courts for the correct method of calculating the three-day extension for service by mail. The Minnesota Supreme Court, however, declines to follow the method of calculation used in the federal court system. *Mattson v. Rochester Silo, Inc.*, 397 N.W.2d 909, 913 (Minn.App.1986) (citing *In re Estate of Iofredo*, 241 Minn. 335, 338, 63 N.W.2d 19, 21 (1954)), *review vacated* (Minn. Aug. 15, 1987).

weekend days. Appellant goes on to assert that, under the proper interpretation of rule 34.04, the three-day extension should have been added onto that prescribed period of seven calendar days, thus, making a total of ten calendar days.

■■■ Appellant relies on *Kenzie v. Dalco Corp.*, 309 Minn. 495, 245 N.W.2d 207 (1976), and *In re Estate of Iofredo*, 241 Minn. 335, 63 N.W.2d 19 (1954). This reliance, however, is misplaced. The findings in *Kenzie* and *Iofredo* support the district court's findings, not appellant's interpretation. The court in *Iofredo* did not exclude weekends in computing the time period; the court simply looked at the prescribed period and added three days. *Iofredo*, 241 Minn. at 337–38, 63 N.W.2d at 21; *see also Kenzie*, 309 Minn. at 497, 245 N.W.2d at 208 (holding writ was discharged because relator failed to serve writ within the 33 days prescribed by law). "In Minnesota, the practice is to combine the time limits of both rules * * * ." *Mattson*, 397 N.W.2d at 913. Rule 34.04 clearly states three days shall be added to the prescribed period, not separate from the prescribed period. It makes no difference if the three-day mail period is calculated before or after the time allotted. *Id.*

■■■ Turning to the facts in this case, appellant is correct in asserting that the additional three days shall be added to the prescribed period. The prescribed period here, however, was not seven calendar days. The district court specifically stated that the time frame was five working days. Adding the three days to the prescribed period, as established in *Iofredo* and *Mattson*, yields a total of eight calendar days to file the amended complaint. As a result, the issue of whether to include the weekend as part of the computation is automatically resolved, because the time frame consisted of eight days and, according to rule 34.01, weekends are excluded only if the time frame is seven days or less. Therefore, the rule does not apply in this case.

Simply stated, time started to run Wednesday, September 25th, and when the amended complaint was not filed until Thursday, October 3rd, appellant failed to comply with the prescribed time period. As a result, the trial court did not err as a matter of law in calculating the period of time the state was allowed to file its amended complaint.

Alternatively, appellant argues the complaint was filed October 2, 1996, because a complainant may submit the complaint upon oath before a notary public and file the complaint without any contact with a judge. According to Minnesota rules of criminal procedure, in order to have a valid complaint:

Upon the information presented, the *judge or judicial officer shall determine whether there is probable cause* to believe that an offense has been committed and that the defendant committed it.

Minn. R.Crim. P. 2.01 (emphasis added).

■■■ As a result, a complaint is not effective until a judge reviews it and makes a determination of probable cause. *Simberg v. State*, 288 Minn. 175, 179, 179 N.W.2d 141, 144 (1970). "The necessity for an objective and impartial determination by a judicial officer has been consistently treated as a principle so fundamental its application does not seem to have been seriously questioned." *State ex rel. Duhn v. Tahash*, 275 Minn. 377, 381, 147 N.W.2d 382, 385 (1966). Simply having a clerk stamp the complaint filed, without a determination on probable cause, is not enough. *Simberg*, 288 Minn. at 179, 179 N.W.2d at 144.

■■■ In this case, appellant signed and swore to the amended complaint before a notary public on October 2nd and delivered it to the court administrator's office that same day. But a judge did not determine probable cause and sign the complaint until October 3rd. Consequently, the district court found the complaint was not filed until October 3rd. The district court based its findings on the fact that a valid complaint requires a judge to review it, make a probable cause determination, and sign it. Furthermore, recent amendments to the rules of criminal procedure allowing complainants to swear to the contents of the complaint before a notary do not eliminate the need for a judge's review and signature. District courts go to great lengths to make a judge available during all working hours to accommodate this need.

Appellant's first complaint was dismissed because it lacked probable cause. It logically

follows that the second complaint could only be amended properly with a new finding of probable cause. A detached and neutral magistrate, not the court administrator, makes this determination. Therefore, the district court did not err as a matter of law when it determined that the amended complaint had not been filed until October 3, 1996, the day the magistrate signed it.

## DECISION

The district court properly determined that appellant failed to timely file the amended complaint and did not file the amended complaint until the judge signed it on October 3, 1996. The district court properly dismissed the amended complaint.

**Affirmed.**