STATE of Minnesota, petitioner,
Appellant,

v.

Joan Marie NERZ, et al., Respondents.

No. C0–97–1013.

Supreme Court of Minnesota.

Nov. 25, 1998.

Rehearing Denied Dec. 31, 1998.

Hubert H. Humphrey III, Atty. Gen., Katherine M. Brennan, Asst. Atty. Gen., St. Paul, for appellant.

Earl P. Gray, Mark D. Nyvold, St. Paul, for respondents.

## OPINION

RUSSELL A. ANDERSON, Justice.

Appellant, State of Minnesota, petitions this court to review a decision of the court of appeals holding that the state failed to file an amended criminal complaint against respondents Joan Nerz and Phoenix Medical Services, Inc. within the time period prescribed by an order permitting the state to file an amended complaint. We reverse and in so doing give effect to the plain meaning of the phrase "working days" as contained in the order. The deadline for filing the amended complaint is first calculated by determining the fifth working day from the day after the filing of the order and then adding three days for mailing.

On April 23, 1996, respondents were charged with 11 counts of theft by false representation, alleging that respondents submitted false claims totaling approximately $170,000 to the Medicaid program. Respondents moved to dismiss the complaint on the grounds that the statute relied upon by the state prohibits the theft of medical services and respondents were providers of medical

supplies.[1] The district court granted respondents' motion and also granted the state's request for leave to file an amended complaint pursuant to Minn. R.Crim. P. 17.06, subd. 4(3). The issuing judge's order granted the state "five (5) working days after notice of entry of this Order" to file an amended complaint.

The court administrator served the order by mail on September 24, 1996. On October 2, 1996, the state delivered to the court administrator an amended complaint charging respondents with seven counts of medical assistance fraud,[2] sworn to before a clerk, but without a determination of probable cause by a judge.[3] The clerk who received the amended complaint stamped it "filed." One day later, on Thursday, October 3, 1996, a second judge determined that probable cause existed to support the complaint and issued a summons. The pertinent dates and events are displayed on the calendar below.

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
| --- | --- | --- | --- | --- | --- | --- |
| Sept. 22, 1996 | Sept. 23, 1996 | Sept. 24, 1996 | Sept. 25, 1996 | Sept. 26, 1996 | Sept. 27, 1996 | Sept. 28, 1996 |
| | | —Issuing judge grants state five "working days" to amend complaint. —Order mailed. | | | | |
| Sept. 29, 1996 | Sept. 30, 1996 | Oct. 1, 1996 | Oct. 2, 1996 | Oct. 3, 1996 | Oct. 4, 1996 | Oct. 5, 1996 |
| | | | —State delivers amended | —Second judge finds probable | | |

Respondents moved to dismiss the amended complaint on the grounds that the state failed to file the complaint in the time allowed by the issuing judge's order.[4] A third judge granted the respondents' motion to dismiss, ruling that the state's filing of the amended complaint was untimely. The state appealed and the court of appeals affirmed, ruling that the phrase "working days" did not enlarge the period of time given to the state to file the amended complaint, thus rendering the state's filing untimely. The court of appeals agreed with the reasoning of the district court that adding three days for service by mail to the five days prescribed in the order results in a time period of eight days to file the amended complaint. *State v. Nerz*, 572 N.W.2d 346 (Minn.App.1997).

◼ Determination of procedural matters is a function of the judiciary. *See State v. Johnson*, 514 N.W.2d 551 (Minn.1994). This authority arises from the court's inherent judicial powers, see *State v. Willis*, 332 N.W.2d 180, 184 (Minn.1983), and has been acknowledged by the legislature. *See* Minn. Stat. § 480.059 (1996) (stating that "[t]he supreme court shall have the power to regulate the pleadings, practice, procedure, and the forms thereof in criminal actions in all courts of this state, by rules promulgated by it from time to time"). Construction of a rule of procedure is a question of law subject to *de*

1. The initial complaint relied upon Minn.Stat. § 609.52.

2. The amended complaint relied upon Minn.Stat. §§ 609.466 and 609.52.

3. This procedure is authorized by Rule 2.01 of the Minnesota Rules of Criminal Procedure which provides that a complaint "shall be made upon oath before a judge or judicial officer of the district court, clerk or deputy clerk of court, or notary public." The comment to Rule 2 states that "[u]nder this rule it is permissible, for the complaint and any supporting affidavits to be sworn to before a clerk, deputy clerk, or notary public. The documents may then be submitted to the judge or judicial officer by any of the methods permitted under the rule and the law enforcement officer or other complainant need not personally appear before the issuing judge or judicial officer." Because we decide this case on the plain language of the issuing judge's order, we decline to reach the issue of whether filing can be accomplished without a judge's determination of probable cause.

4. Respondents also challenged the complaint on the grounds of improper aggregation of offenses. The district court denied respondents' motion.

*novo* review. *See Johnson,* 514 N.W.2d at 553.

In this case, the issuing judge granted the state's request for leave to file an amended complaint. The order stated: "The State's motion, to file an Amended Complaint is granted, and the amended complaint shall be filed within five (5) working days after notice of entry of this Order." This procedure is authorized by our rules of criminal procedure, which provides:

> The specified time for such amended or new indictment or complaint shall not exceed * * * seven (7) days for amending an indictment or complaint or for filing a new complaint. * * * If the prosecution does not make the motion within the seven-day period or if the indictment or complaint is not amended or if a new indictment or complaint is not filed within the time specified by the order, the defendant shall be discharged and further prosecution for the same offense shall be barred * * *.

Minn. R.Crim. P. 17.06, subd. 4(3).

When service is accomplished by mail, three days are added to the prescribed time period. The rule states:

> Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon the party and the notice or other paper is served upon the party by mail, three days shall be *added to the prescribed period.*

Minn. R.Crim. P. 34.04 (emphasis added).

We have ruled that when calculating deadlines after service is achieved by mail, the three-day extension allowed for service by mail is added to the prescribed time allowed by the order or by the rule to create a single period of time. In our decision of *In re Iofredo's Estate,* we concluded that a three-day mailing period was added to a 30–day deadline for filing a notice of appeal to create a new 33–day period. *See* 241 Minn. 335, 338, 63 N.W.2d 19, 21 (1954).

■ The district court and the court of appeals held that adding the three mailing days to the five days granted for filing an amended complaint resulted in an eight-day period to file the new complaint. "When a period of time prescribed or allowed is seven days or less, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Minn. R.Crim. P. 34.01. The court of appeals and the district court included the intervening weekend and determined that the deadline for filing the amended complaint was Wednesday, October 2, 1996. The lower courts reasoned that because five working days were included within the eight-day period, the October 2, 1996, deadline satisfied the issuing judge's intent. A finding of probable cause was not made until Thursday, October 3, 1996. Therefore, the court of appeals held that the state's filing of the amended complaint was untimely and affirmed the district court's dismissal of the complaint.

We disagree. The court of appeals ignored the plain meaning of the issuing judge's order. The rules of criminal procedure do not define the phrase "working days." However, when calculating certain deadlines, the rules instruct us to exclude Saturdays, Sundays and enumerated legal holidays. *See* Minn. R.Crim. P. 34.01. Thus, all other days can be defined as "working days."[5] Furthermore, respondents concede that "working days" means all days except weekends and legal holidays.[6] The respondents contend that because the phrase "working days" is not found in the rules, it is a "superfluous" phrase that should not be given meaning. We are not persuaded. Simply because the phrase "working days" is not defined in the rules does not compel us to ignore the phrase completely.

Instead, we look to the language of the issuing judge's order and apply its plain meaning. Working days, as the respondents admit, do not include Saturdays, Sundays and legal holidays. The issuing judge prescribed a period of five working days to file

---

**5.** The facts of this case aside, we remind the district courts to follow the language and terms provided in the rules when issuing orders with time constraints.

**6.** The respondents' brief stated: "Of course 'working days' do not include weekends and holidays."

the amended complaint. The judge intended, through the use of the phrase "working days," that the intervening weekend be excluded. The prescribed period allowed the state five working days to file an amended complaint. Not counting the day of mailing,[7] we calculate five working days from Wednesday, September 25, 1996. We skip the intervening Saturday and Sunday and arrive at Tuesday, October 1, 1996, as the end of the five working days. Next, we add three days for mailing to the "prescribed period" pursuant to Rule 34.04. This results in a deadline of Friday, October 4, 1996, to file the amended complaint.[8]

The state delivered the amended complaint to the court administrator on Wednesday, October 2, 1996, and a judge determined that probable cause existed to support the complaint on Thursday, October 3, 1996. Filing was complete within the prescribed period allowed by the issuing judge. Therefore, we reverse the decision of the court of appeals and remand the case to the district court for further proceedings.

Reversed and remanded.

---

7. "The day of the act or event from which the designated period of time begins to run shall not be included." Minn. R.Crim. P. 34.01.

8. The result of this case may have been different had the time period prescribed by the issuing judge exceeded 10 days, the maximum time period allowed under the rules. *See* Minn. R.Crim. P. 17.06, subd. 4(3) (providing seven days for amending an indictment or complaint after a motion to amend a criminal complaint is granted); Minn. R.Crim. P. 34.04 (providing three-day extension for service by mail). It is worth noting that the time periods are significant because the rules provide that a defendant may remain in custody while the motion to amend is pending and while the amended complaint is being prepared. *See* Minn. R.Crim. P. 17.06, subd. 4(3).