STATE of Minnesota, Respondent,

v.

Brian David NORTHWAY, Appellant.

No. C2–98–617.

Court of Appeals of Minnesota.

Jan. 26, 1999.

Michael A. Hatch, Attorney General, Robert A. Stanich, Assistant Attorney General, Kelly O'Neill Moller, Honors Clerk, St. Paul, MN; and Christopher Karpan, Douglas County Attorney, Alexandria, MN (for respondent).

John M. Stuart, State Public Defender, Marie L. Wolf, Assistant Public Defender, Minneapolis, MN (for appellant).

Considered and decided by PETERSON, Presiding Judge, SCHUMACHER, Judge, and HARTEN, Judge.

## O P I N I O N

PETERSON, Judge.

On appeal from a conviction of livestock theft, appellant Brian Northway challenges the district court's ruling that a copy of a report with a United States Department of Agriculture heading was inadmissible because it was not authenticated. We conclude that the district court properly excluded the document from evidence and affirm Northway's conviction.

## FACTS

Northway was charged under Minn.Stat. § 609.551, subd. 1(b) (1996), with a felony offense, theft of livestock valued at greater than $300. Northway admitted stealing a cow. The sole issue for trial was the cow's value. Theft of livestock valued at $300 or less is a misdemeanor offense. *Id.*, subd. 1(c).

Northway sought to introduce into evidence a copy of a report listing the value of various types of livestock. The first line of the report contained the heading "US DEPT. OF AGRICULTURE, AMS, LMG & S DIVISION." Investigating officer David Ahlquist received the copy of the livestock price report on his fax machine from what he believed was a government source. The district court excluded the report because it was not authenticated.

## ISSUE

Is a copy of a report that bears a heading that indicates the report was prepared by an agency of the United States government admissible without authentication?

## ANALYSIS

Northway argues that the livestock price report was admissible without authentication under Minn. R. Evid. 803(8) and Minn. Stat. § 600.13 (1998). Generally, evidentiary rulings rest within the trial court's discretion and will not be reversed absent a clear abuse of that discretion. *State v. Glaze*, 452 N.W.2d 655, 660 (Minn.1990). But construction of the rules of evidence is a question of law subject to de novo review. *See State v. Nerz*, 572 N.W.2d 346, 348 (Minn.App.1997) (interpretation of rules of criminal procedure is a question of law subject to de novo review); *Barrera v. Muir*, 553 N.W.2d 104, 108 (Minn.App.1996) (interpretation of rules of civil procedure presents a question of law subject to de novo review), *review denied* (Minn. Oct. 29, 1996). Statutory interpretation is also a question of law subject to de novo review. *Metropolitan Sports Facilities Comm'n v. County of Hennepin*, 561 N.W.2d 513, 515 (Minn.1997).

Minn. R. Evid. 803(8) provides that the following evidence is not excluded under the hearsay rule:

Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report * * *.

Minn. R. Evid. 803(8), however, does not address authentication. Authentication of documents and other evidence, including public reports, is governed by Minn. R. Evid. 901–902. Minn. R. Evid. 901(b)(7) provides that the authentication requirement for public reports is satisfied by

[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

■ Under Minn. R. Evid. 902, self-authenticating documents can be admitted into evidence without extrinsic evidence of admissibility. *Compare* Minn. R. Evid. 803(6) (admissibility of business record must be supported by testimony of custodian of record or other qualified witness). Self-authenticating, however, does not mean that no authentication is required. Minn. R. Evid. 902 permits self-authentication of public documents when a document is under seal, signed or certified by an authorized person, filed or recorded in a public office, or an official publication.

Minn. R. Evid. 901 and 902 are consistent with Minn.Stat. § 600.13, which provides:

The original record made by any public officer in the performance of official duty shall be prima facie evidence of the facts required or permitted by law to be recorded by the officer. A copy of such record, or of any document which is made evidence by law and is preserved in the office or place where the same was required or is permitted to be filed or kept, or a copy of any authorized record of such document so preserved, when certified by the person entitled to the official custody thereof to have been compared by that person with the original and to be a correct transcript therefrom, shall be received in evidence in all cases, with the same force and effect given to such original document or record; but if such officer have, by law, an official seal, the certificate shall be authenticated thereby. No part of this section relating to the form of certification shall apply to documents or records kept in the departments or offices of the United States government.

■ The copy of the price report that Northway sought to introduce into evidence did not comply with the authentication requirements of Minn. R. Evid. 901(b)(7) or 902 or Minn.Stat. § 600.13. There was no evidence to substantiate that the price report came from the United States Department of Agriculture. The price report did not contain a seal, certification, authorized signature, or other such marking. Nor does evidence or authority indicate that it was an official publication. *See* Minn. R. Evid. 902(5) (advisory committee comment) (official publications are most commonly encountered in connection with statutes, court reports, rules, and regulations but also include statutory and caselaw additions). Ahlquist obtained the report from what he believed was a government agency. The record, however, does not indicate that Ahlquist was authorized to authenticate documents from the United States Department of Agriculture.

■ Northway argues that even if authentication generally is required for public records, it is not required for records of a federal agency because Minn.Stat. § 600.13 specifically excepts "documents or records kept in the departments or offices of the United States government" from requirements as to the form of certification. The statute expressly excepts federal public records only from requirements as to the form of certification. We construe Minn.Stat. § 600.13 as permitting forms of certification authorized by federal authority to be relied on for purposes of admissibility in Minnesota courts, but not as eliminating authentication

or certification requirements for federal public records.

agency report, the district court did not err in excluding the copy from evidence.

**Affirmed.**

### D E C I S I O N

Because the copy of the livestock price report was not certified by an official custodian of the report to be a correct copy of an