STATE of Minnesota, Petitioner, Appellant,

v.

Ronald Scott HUGGER, Respondent.

No. C7–01–1144.

Supreme Court of Minnesota.

March 21, 2002.

Barna, Guzy & Steffen Ltd., Thomas P. Malone (# 66989), Cheryl A. Jorgensen (# 295012), Minneapolis, MN, Minnesota Attorney General, Mike Hatch, Attorney General's Office, St. Paul, MN, for appellant.

Ramsey & Devore, P.A., Charles A. Ramsay (# 260277), Rebecca R. Fisher (# 296533), Roseville, MN, for respondent.

## OPINION

STRINGER, Justice.

Ronald Scott Hugger (respondent) was charged with various offenses including driving while intoxicated (DWI) after his vehicle was stopped by a police officer in February 2001. Following his pretrial motion to suppress evidence and dismiss all counts for lack of probable cause, the district court ruled that the state failed to show that the officer had a reasonable basis for stopping respondent's vehicle. The court order dismissing the charges was filed on June 26, 2001 and the district court administrator served notice of filing on the parties by mail the next day, June 27. On July 9, 2001, the state filed a notice of appeal which the court of appeals dismissed as untimely. We reverse and remand for further proceedings consistent with this opinion.

Respondent was arrested in the city of Centerville in the early morning hours of February 15, 2001 and charged with eight violations of Minnesota law, including DWI, after his vehicle was stopped by a police officer who had observed respondent weaving in his lane and "rubbing" the fog line. Respondent moved to suppress the evidence against him and dismiss the charges on grounds that the officer did not have sufficient articulable suspicion of criminal conduct to justify the stop and that there was no probable cause for his arrest. The district court then found that there was probable cause for respondent's arrest, but requested briefs from the parties in regard to the basis for the stop. Following the additional briefing, the district court held that the state failed to show that the officer had an articulable suspicion of criminal conduct for stopping respondent's vehicle and granted respondent's motion to dismiss all eight counts.

■ The pretrial order of the district court granting respondent's motion to dismiss was filed on June 26, 2001. On June 27, 2001, the district court administrator served notice of filing of the order of dismissal by mail on the parties.[1] The state subsequently filed a notice of appeal in the court of appeals on July 9, 2001. The court of appeals questioned the timeliness of the appeal and requested memoranda from the parties on the issue, ultimately dismissing the appeal as untimely because it was not filed within 8 days after the

---

1. Late in these proceedings, respondent challenged the state's assertion that it was served with the notice of filing of the district court's June 26, 2001 order via U.S. mail, purportedly based on new information respondent had obtained regarding a "pick-up box" in the office of the court administrator routinely used by the state's counsel for receipt of mail and court orders. Respondent filed motions seeking to supplement the record with affidavits on this point. In an order dated November 21, 2001, respondent's motions were denied and the state's motion to strike from respondent's brief the affidavits and any arguments based thereon was granted.

district court administrator served notice of filing by mail. The court arrived at the 8–day time period by combining the prescribed period of 5 days from the date a notice of filing is served within which a party may appeal pursuant to Minn. R.Crim. P. 28.04, subd. 2(8), with the 3 days added to the prescribed period when service is by mail pursuant to Minn. R.Crim. P. 34.04. Because the time for appeal then totaled 8 days, the court concluded that the provision in Minn. R.Crim. P. 34.01 which excludes Saturdays, Sundays and legal holidays for prescribed time periods of 7 days or less did not apply. In doing so, the court rejected the state's argument that since the period prescribed by rule 28.04, subd. 2(8) is 5 days rather than 8, rule 34.01 should apply so as to exclude weekends and legal holidays in the initial 5–day computation *before* extending the period 3 days to account for service by mail. Under the state's approach, notice of appeal filed on July 9 would have been timely.

■ On review here, the sole issue is the proper application of three rules governing criminal procedure in Minnesota. As the construction and interpretation of a rule of criminal procedure is a question of law, our review is de novo. *State v. Nerz*, 587 N.W.2d 23, 24–25 (Minn.1998).

We begin with a review of the three rules-Minn. R.Crim. P. 28.04, subd. 2(8), Minn. R.Crim. P. 34.01 and Minn. R.Crim. P. 34.04. The procedure for appeal of a pretrial order by a prosecuting attorney is governed by Minn. R.Crim. P. 28.04, subd. 2, and provides, in relevant part:

> The appeal * * * shall be taken within 5 days after the defense, or the clerk of court * * *, subsequently serves notice

of entry of the order appealed from upon the prosecuting attorney * * *.

Minn. R.Crim. P. 28.04, subd. 2(8). To determine specifically how this time period is to be computed, Minn. R.Crim. P. 34.01 sets forth the following:

> The day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When a period of time prescribed or allowed is seven days or less, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.[2]

When service is accomplished by mail, Minn. R.Crim. P. 34.04 provides that an additional period of 3 days is added:

> Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon the party and the notice or other paper is served upon the party by mail, three days shall be added to the prescribed period.

The notice of filing of the district court order granting respondent's motion to dismiss here was served on the parties by mail on June 27, 2001, thus triggering the running of the 5–day prescribed period beginning on June 28. The state filed its notice of appeal with the court of appeals on July 9. The state contends that this filing was timely, arguing that there is no Minnesota case law on point and that Minnesota's rules should be applied in a manner consistent with the federal court interpretation of closely comparable federal rules[3]—an interpretation that excludes

---

**2.** The rule goes on to define "legal holiday" as including Independence Day, among others.

**3.** The timing rules contained within Fed. R.Crim.P. 45(a) and 45(e), and Fed.R.Civ.P. 6(a) and 6(e), are nearly identical to Minn.

weekend days and legal holidays before adding 3 days for service by mail. The state asserts that this approach best effectuates the plain meaning and intent of the comparable Minnesota rules.

Focusing first on the repeated reference throughout the rules to the term "prescribed period," the state argues that the 5 days provided for appeal under rule 28.04, subd. 2(8) is the prescribed period, and therefore the provision in rule 34.01 excluding intermediate weekend days and legal holidays is applicable because the prescribed period is 7 days or less. The additional 3 days for service by mail pursuant to rule 34.04, the state argues, should not be included *within* the prescribed period, but rather should be *added to* the prescribed period as the words of the rule provide. The state asserts that the interpretation urged by respondent and adopted by the court of appeals, which includes intermediate weekend days and legal holidays in the computation, effectively defeats the purpose of the additional 3 days allowed for service by mail in rule 34.04.

Respondent, on the other hand, argues that the court of appeals properly combined the 5–day period set forth in rule 28.04, subd. 2(8) and the additional 3–day period for service by mail provided in rule 34.04 into a continuous 8–day period—thus making inapplicable the provision of rule 34.01 excluding Saturdays, Sundays and legal holidays for periods of "seven days or less." Under respondent's computation the state was required to file its appeal on or before July 5. Respondent contends that this approach is supported by the holdings of this court citing *In re Iofredo's Estate v. Iofredo*, 241 Minn. 335, 63 N.W.2d 19 (1954), and *State v. Nerz*, 587 N.W.2d 23 (Minn.1998). Respondent also notes that this approach is consistent with the manner in which the corresponding and nearly identical Minn. R. Civ. P. 6.01 and 6.05 [4] are applied and is consistent with various publications providing guidance to Minnesota practitioners.[5]

In *Iofredo*, a civil case implicating Minn. R. Civ. P. 6.01 and 6.05, we held that the 30–day prescribed period and the additional 3 days for service by mail resulted in a single 33–day time period within which to file the notice of appeal. 241 Minn. at 338, 63 N.W.2d at 21. Appellants argued that they were entitled to a total of 34 days because the 30–day prescribed period ended on a Sunday which, in accordance with the rules, should be adjusted to Monday, and then the additional 3 days should be added. *Id.* We rejected this argument focusing instead on the 33rd day, and as it did not fall on a Sunday or a holiday,[6] we

R.Crim. P. 34.01 and 34.04, respectively, except that a prescribed period of "less than 11 days" (rather than 7 days or less) triggers the exclusion of Saturdays, Sundays and holidays in the computation.

4. Minnesota Rules of Civil Procedure 6.01 and 6.05 are very similar to Minn. R.Crim. P. 34.01 and 34.04, respectively, except that a prescribed period of "less than 7 days" rather than "seven days or less" triggers the exclusion of Saturday, Sundays and legal holidays from the computation. While Minn. R. Civ. P. 6.01 and 6.05 are not currently before the court, the interpretation and underlying reasoning we articulate today as to the rules of criminal procedure are equally applicable in the civil procedure context.

5. *See, e.g.,* 1 David Herr & Roger Haydock, *Minnesota Practice—Civil Rules Ann.,* § 6.3 (3d ed.1998); Jay Quam & Laurie Miller, *Counting Days in Minnesota: Law + Mathematics = Nightmare,* The Bench & Bar of Minnesota (Feb.1992).

6. At the time *Iofredo* was decided, Minn. R. Civ. P. 6.01 did not provide for any adjustment when the final day of the period was a Saturday. *See* Minn. R. Civ. P. 6.01 (1953); *Iofredo,* 241 Minn. at 338–39, 63 N.W.2d at 21.

held appellants' notice of appeal on the 34th day was untimely. 241 Minn. at 338–39, 63 N.W.2d at 21.

More recently in *Nerz*, we applied Minn. R.Crim. P. 34.04 to a time period of 5 days, as here, and cited *Iofredo* for the general proposition that the 3 days for service by mail provided in rule 34.04 are to be "added to the prescribed time allowed" and that this "create[s] a single period of time." 587 N.W.2d at 25. In *Nerz*, the issue was how to apply a district court order granting the state "five (5) *working* days after notice of entry of this Order" in which to file an amended complaint.[7] *Id.* at 24 (emphasis added). Giving effect to the plain meaning of "working days" as days other than Saturdays, Sundays and legal holidays, we calculated the relevant filing date by determining the 5th working day and then adding 3 days for service by mail.[8] *Id.* at 25–26.

Respondent argues that reference to the prescribed period within which to take action and the 3 days for service by mail as a "single period of time" in *Nerz* (and by implication in *Iofredo*) is a recurring theme that converts the prescribed period set forth in the rules to that allowed by the rules plus 3 days. The implication of *Nerz*, respondent asserts, is that where the order of the lower court does not specify "working days," a 5–day appeal time added to the 3 days for service by mail under rule 34.04 results in a single 8–day period and thus intervening weekends and legal holidays are not excluded.

Neither of these cases addresses the question presently before us however, as neither involves the unique intersection of the three rules at issue here. In *Iofredo* we held that the critical day for applying the provision of rule 6.01 regarding the last day of the period is the 33rd day when a 30–day period is extended 3 days for service by mail. 241 Minn. at 338, 63 N.W.2d at 21. Because the provision pertaining to periods of less than 7 days was not implicated, no determination was necessary as to whether intervening weekends and legal holidays should be counted. In *Nerz*, our ruling was limited to how the court should give effect to the plain meaning of the phrase "working days." *Nerz*, 587 N.W.2d at 25–26. That is not the issue in this case.

The plain language and intent of the rules, as well as the practice of other jurisdictions, lead us to conclude that the "single period of time" comment in *Nerz* is not persuasive and that weekends and holidays should be excluded from the 5–day appeal time before 3 days are added for service

---

7. The order of the district court at issue in *Nerz* granted the state's request for leave to file an amended complaint pursuant to Minn. R.Crim. P. 17.06, subd. 4(3), which at that time provided that "[t]he specified time for such amended or new indictment or complaint shall not exceed * * * seven (7) days * * *." *Nerz*, 587 N.W.2d at 25.

8. Respondent also cites *Mattson v. Rochester Silo, Inc.*, a court of appeals decision which emphasized that the period provided for service of notice and the additional period for mailing are not to be calculated separately, but rather as one continuous time period. 397 N.W.2d 909, 913 (Minn.App.1986). Applying the rules of civil procedure, as in *Iofre-* *do*, the court stated that it made no difference if the 3–day mailing period was calculated before or after the 15–day period for service of notice, and that the practice in Minnesota was simply to combine the time limits of both rules. 397 N.W.2d at 913. The *Mattson* court expressly acknowledged that appellant was seeking an interpretation of the rules similar to that of the federal courts where periods are computed separately. *Id.* The court in *Mattson* indicated that the Minnesota Supreme Court had rejected that approach, and affirmed the district court's conclusion that the filing of the notice of motion in this case was untimely. *Id.* (citing *Iofredo*, 241 Minn. at 338, 63 N.W.2d at 21).

by mail. Rule 28.04, subd. 2(8) sets forth a 5–day period of time from the date on which notice of entry of the order is served within which an appeal must be taken. This may be considered the "prescribed period." It is adjusted by rule 34.01 which provides that when the "period of time prescribed or allowed" is 7 days or less, intervening weekend days and legal holidays are excluded in the computation. It is again adjusted when service is by mail— "three days shall be added to the prescribed period." This approach ensures that a litigant has approximately the same effective time to respond whether service is accomplished in person or by mail. On the other hand, if the additional 3 days for service by mail results in including weekends and holidays under rule 34.01, as the court of appeals concluded, appellants could easily be left with less than 5 working days to perfect their appeal, as was the case here.[9] Practitioners served by mail thus could be at a distinct disadvantage when time to take the appeal is already short.

The computation method we endorse today adopts the approach taken by the Eighth Circuit Court of Appeals when applying the corresponding federal rules in *Treanor v. MCI Telecommunications Corp.*, 150 F.3d 916, 918 (8th Cir.1998). In electing to compute the relevant period by first excluding weekends and legal holidays in accordance with Fed.R.Civ.P. 6(a) and then adding the 3 days for service by mail pursuant to Fed.R.Civ.P. 6(e), the court reasoned:

> We note that a different way of applying the Federal Rules of Civil Procedure would lead to a different result. If Rule 6(e) [providing additional days for ser-

vice by mail] is applied first, the time to respond is increased from 10 to 13 days, but because the time to respond is then more than 10 days, holidays and weekends are counted. We reject this approach because "the only way to carry out Rule 6(e)'s function of adding time to compensate for delays in mail delivery is to employ Rule 6(a) first."

*Treanor,* 150 F.3d at 918 (quoting *Lerro v. Quaker Oats Co.,* 84 F.3d 239, 242 (7th Cir.1996)).

In *Lerro,* the Seventh Circuit Court of Appeals pointed out the absurdity of applying a method of computation that operates to defeat the purpose of the additional-time-for-mailing rule:

> Rule 6(e) is designed to give a litigant approximately the same *effective* time to respond whether papers are served by hand or by mail. If service is by hand, then the time to respond starts immediately; if service is by mail, the party receives three extra days as an approximation of the time required for mail delivery, and on average should have the same number of days to act as he would have had following service in hand. We know from Rules 72(b) and 6(a) that, if the magistrate judge had passed his decision over the bench to counsel, plaintiffs would have had 14 calendar days to file objections [factoring in the exclusion of weekends and legal holidays]. *It would be queer if service by mail, which delays actual knowledge of the decision, would reduce the time to object. Yet that is the effect of adding time under Rule 6(e)* [allowing 3 additional days for service by mail] *first; the time would fall from 14 calendar days for personal service to 13 calendar days for service*

---

**9.** The state reports receiving notice of the filing of the district court's order on July 2, 2001, leaving only 3 working days to prepare its notice of appeal (including the day it was received and the day it was due) under the computation method applied by the court of appeals and urged by respondent.

*by mail* [because weekends and legal holidays are no longer excluded]. * * * Interactions within a complex set of rules sometimes can have unexpected and unwelcome effects, but we should not create them when the text readily can bear another meaning. *The only way to carry out Rule 6(e)'s function of adding time to compensate for delays in mail delivery is to employ Rule 6(a) first.*

*Lerro,* 84 F.3d at 242 (emphasis added). The state argues that this reasoning, shared by other circuits,[10] is the most sensible and best serves the objective of the rules.[11] We agree.

Finally, we note that the amendments to Minn. R.Crim. P. 34.01 and 34.04, as well as Minn. R. Civ. P. 6.01 and 6.05, conform closely to their federal counterparts.[12] As every practitioner is keenly aware, the importance of an accurate calculation of time allowed for appeal is critical and an error can be fatal to further review. Thus it would be helpful to provide an interpretation of the Minnesota rules consistent with that of the federal courts, particularly where the rules are virtually identical.

 We hold that when calculating the period within which a party must act under Minn. R.Crim. P. 28.04, subd. 2(8), intermediate Saturdays, Sundays and legal holidays shall be excluded under rule 34.01 before adding 3 days for service by mail. The effect is that the 3–day additional time for service by mail shall not be added to

---

**10.** *See, e.g., CNPq–Conselho Nacional De Desenvolvimento Cientifico E Tecnologico v. Inter–Trade, Inc.,* 50 F.3d 56, 58 (D.C.Cir.1995); *Tushner v. United States District Court for the Central District of California,* 829 F.2d 853, 855 (9th Cir.1987). The state notes that the court in *Tushner,* in holding that the 3 extra days for mailing should be added only after first applying the less-than-eleven-days rule excluding weekends and holidays, relied heavily upon the reasoning of the court in *Nalty v. Nalty Tree Farm,* 654 F.Supp. 1315 (S.D.Ala.1987). The court in *Nalty* discussed at length the intent of rule 6(a), and what prompted its 1985 amendment, in support of the computation method it adopted. 654 F.Supp. at 1317–18. Quoting from the 1985 Advisory Committee Notes, the *Nalty* court acknowledged that, "[u]nder the current [pre–1985 amendment] version of the Rule [applicable to periods of "less than seven days"], parties bringing motions under rules with 10–day periods could have as few as 5 working days to prepare their motions." *Id.* at 1316–17. Thus, the purpose of the amendment was to avoid such hardship and the court's decision in *Nalty* regarding how to compute time periods was intended to respect that. The state observes that many district courts have relied upon *Nalty* in addressing the conflict between rules 6(a) and 6(e).

**11.** The state notes that this computation method is also reflected in the various guides available to practitioners litigating in federal courts. For instance, the Federal Civil Rules Handbook states:

> There * * * appear[s] to be general agreement that Rule 6(a) and Rule 6(e) should never be applied in such a way that a 10–day period (in which intervening Saturdays, Sundays, and legal holidays are excluded) is converted into an 11–day–or–more period (in which intervening Saturdays, Sundays, and legal holidays *are* counted) by virtue of the added 3 days. Such a reading would defeat the very objectives of Rule 6(e).

Steve Baicker–McKee, et al., Federal Civil Rules Handbook 193 (2000). Charles Alan Wright and Arthur R. Miller in their treatise, *Federal Practice and Procedure: Civil 3d* § 1171 (2002), also favor this approach among the computation alternatives available, noting that it "most closely achieves the apparent purposes of Rule 6(e)."

**12.** The comment to rule 34 of the Minnesota Rules of Criminal Procedure provides that the additional time after service by mail provided in rule 34.04 is taken from Fed.R.Crim.P. 45(c) (as well as Minn. R. Civ. P. 6.05). Similarly, the comments to Minn. R.Crim. P. 34.01 indicate that it adopts Minn. R. Civ. P. 6.01. Minn. R. Civ. P. 6.01 and 6.05, in turn, were amended in 1996 to "conform" to their federal counterparts, as indicated in the comments of the Advisory Committee.

the 5–day prescribed period for appeal to deny exclusion of Saturdays, Sundays and legal holidays. We further hold that if the final day of the time for appeal, after adding 3 days for service by mail, is a Saturday, Sunday or legal holiday, the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday in accordance with Minn. R.Crim. P. 34.01.

Reversed and remanded to the court of appeals for further proceedings consistent with this opinion.