*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0644**

State of Minnesota,
Respondent,

vs.

Kevin Maurice Williams,
Appellant.

**Filed April 18, 2016
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CR-14-24559

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Peterson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

A jury found Kevin Williams not guilty of first-degree aggravated robbery but guilty of two counts of second-degree aggravated robbery after the jury learned that two women

who were robbed walking home from a North Minneapolis convenience store identified Williams as their robber and the arresting officers found items belonging to the women near Williams. Williams asks us to reverse his conviction because the district court violated Minnesota Rule of Criminal Procedure 26.03, subdivision 2(b), and the Fourteenth Amendment by compelling him to appear for trial in identifiable jail clothing. We decline to do so.

By the first day of trial, the trial had been scheduled for several months and then it was also postponed one day to accommodate Williams's request for a delay so his mother could bring him street clothes. Williams appeared for trial in orange jail clothing because he said his mother was out of town and unable to obtain the requested clothes and the street clothes his attorney provided him were too small. He asked the district court to delay the trial again. The district court judge denied the request and explained why:

> We are going to go ahead with the trial. You are going to be dressed in your outfit that you have on. I know [your attorney] wants some kind of delay because you're in jail clothes. I understood from the deputies that you refused to put on some clothes they had for you. I know they didn't fit the best because you're a large man, but you nevertheless refused those clothes, that's what I have been told. So we are going to [go] ahead with the trial.

Williams's attorney objected and asked the court to allow Williams to change into the ill-fitting street clothes that Williams had refused to wear. The district court, believing that Williams was attempting to delay the trial, denied the request. Williams therefore remained in jail clothing throughout *voir dire* and the first day of testimony. In the meantime a jailer found different clothes, which Williams wore the next day of trial. The

2

jury acquitted Williams of first-degree aggravated robbery but found him guilty of two counts of second-degree aggravated robbery.

We are not persuaded by Williams's argument that the district court committed reversible error under the Minnesota Rules of Criminal Procedure and the Fourteenth Amendment by compelling Williams to wear the jail clothes on the first day of trial. We review the application of procedural rules de novo. *State v. Hugger*, 640 N.W.2d 619, 621 (Minn. 2002). The same goes for constitutional questions. *State v. Bobo*, 770 N.W.2d 129, 139 (Minn. 2009). Williams is correct that the rules protect a defendant from appearing at trial in jail clothing. Minn. R. Crim. P. 26.03, subd. 2(b). Likewise, compelling a defendant to wear identifiable jail clothing violates his right to due process. *State v. Lehman*, 749 N.W.2d 76, 84–85 (Minn. App. 2008), *review denied* (Minn. Aug. 5, 2008); *see also Estelle v. Williams*, 425 U.S. 501, 512, 96 S. Ct. 1691, 1697 (1976) ("[T]he State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes."). But the right not to be tried in jail clothing is not absolute, and the right may be waived by the defendant's refusal to wear street clothes. Minn. R. Crim. P. 26.03, subd. 2(b) cmt. (stating that a defendant's refusal "is not grounds for delaying the trial"); *see also Estelle*, 425 U.S. at 505 n.2, 96 S. Ct. at 1693 n.2 ("Obviously, a defendant cannot be allowed to abort a trial and frustrate the process of justice by his own acts."). The district court determined that Williams's inability to obtain street clothes before trial and his refusal to wear the clothes that had been provided to him were deliberate attempts to delay trial. The district court (rather than this court) decides facts based on witness-credibility findings, and we rely on those findings. *See State*

3

*v. Dickerson*, 481 N.W.2d 840, 843 (Minn. 1992), *aff'd*, 508 U.S. 366, 113 S. Ct. 2130 (1993). Based on those findings, we must conclude that Williams's appearance in jail clothing was not compelled by the district court but was instead the fruit of Williams's own tactics. We therefore hold that Williams waived his right to appear in street clothes, and he is not entitled to a new trial.

**Affirmed.**