No. 86–386.   UNITED STATES STEEL CORP. ET AL. *v.* PRYOR.
C. A. 2d Cir.   Certiorari denied.   JUSTICE POWELL and JUSTICE
O'CONNOR would grant certiorari.

No. 86–5211.   REED *v.* UNITED STATES.   C. A. 2d Cir.   Certiorari denied.

JUSTICE WHITE, dissenting.

In this case, the District Court permitted a 13th, alternate juror to participate in the jury's deliberations, a procedure to which petitioner's counsel stipulated.   The 13 jurors unanimously found petitioner guilty.   On appeal, petitioner argued that the use of a 13-member jury violated Federal Rule of Criminal Procedure 24(c), that the Rule is not waivable, and that even if it is, it can only be waived by a defendant personally and not by counsel.   The Court of Appeals held that petitioner, through his counsel, had waived compliance with Rule 24(c).   It concluded that "[b]ecause the waiver herein was neither prejudicial nor of constitutional magnitude and was made in the presence of the defendant in open court, . . . the failure to obtain appellant's personal assent . . . , [if erroneous,] was harmless beyond a reasonable doubt."   790 F. 2d 208, 211 (CA2 1986).   This decision conflicts with *United States* v. *Virginia Erection Corp.*, 335 F. 2d 868, 870 (CA4 1964), which requires a defendant's express and personal waiver of Rule 24(c), assuming that the Rule can be waived at all.   See also *United States* v. *Chatman*, 584 F. 2d 1358 (CA4 1978) (explaining *Virginia Erection* as establishing a *per se* rule of plain error in cases where Rule 24(c) is violated without obtaining a defendant's personal consent); *United States* v. *Beasley*, 464 F. 2d 468 (CA10 1972) (holding, in a case not involving an issue of waiver, that violations of Rule 24(c) are reversible *per se*, and approving the result in *Virginia Erection*).   I would grant certiorari to resolve this conflict.

No. 86–5321.   MALQUIST *v.* UNITED STATES.   C. A. 9th Cir.
Certiorari denied.   JUSTICE WHITE would grant certiorari.