**STATE of Minnesota, City of Minneapolis, Respondent,**

v.

**Tyree Duane WASHINGTON, Appellant.**

**No. C5–00–1696.**

Court of Appeals of Minnesota.

Aug. 14, 2001.

Mike Hatch, Attorney General, St. Paul, MN; and Jay M. Heffern, Minneapolis City Attorney, Lois Regnier Conroy, Assistant City Attorney, Minneapolis, MN, for respondent.

Leonardo Castro, Fourth District Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by
TOUSSAINT, Chief Judge,
STONEBURNER, Judge, and
LINDBERG Judge.*

## OPINION

TOUSSAINT, Chief Judge

Appellant Tyree Washington contends that the trial court's failure to dismiss the alternate juror entitles him to a new trial. Because the presence of the alternate juror in the jury deliberations prejudiced appellant and was not authorized by law, we reverse and remand for a new trial.

## FACTS

In May 2000, respondent State of Minnesota charged appellant with five misdemeanor counts of criminal conduct. The jury returned a verdict of not guilty on three of the counts and found appellant guilty of assault in the fifth degree, in violation of Minn.Stat. § 609.224, subd. 1(1) (2000), and disorderly conduct, in violation of Minn.Stat. § 609.72, subd. 1 (2000).

The trial court empanelled seven jurors: the standard six jurors for a misdemeanor case and one alternate. The jurors were unaware that one of them was an alternate. All seven jurors participated in the deliberations. Just before the jury returned to the courtroom to publish the verdict, appellant Tyree Washington objected to the presence of the alternate. The trial court did not dismiss the alternate juror finding that appellant's attorney had acquiesced to the alternate deliberating with the rest of the jury, and denied appellant's motion for a new trial.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

## ISSUES

1. Did the trial court err by finding that respondent had met its burden to show appellant was not prejudiced by the presence of the alternate juror during deliberations?

2. Was a seven-member jury authorized by law?

3. Did appellant waive his right to a six-member jury through the actions of his counsel?

## ANALYSIS

■ The interpretation of the rules of criminal procedure is a question of law subject to de novo review. *State v. Nerz*, 587 N.W.2d 23, 24–25 (Minn.1998).

### I.

*Prejudice*

■ The rules of criminal procedure provide that "[a]n alternate juror who does not replace a principal juror *shall* be discharged after the jury retires to consider its verdict." Minn. R.Crim. P. 26.02, subd. 8 (emphasis added). Underlying this mandate is that an alternate in the jury room can affect the verdict in two ways: (1) by participating in the deliberations, verbally or through "body language"; or (2) by his or her mere presence exerting a "chilling" effect on the regular jurors. *United States v. Olano*, 507 U.S. 725, 739, 113 S.Ct. 1770, 1780, 123 L.Ed.2d 508 (1993). This court has held that the presence of an alternate in the jury room during deliberations creates a presumption that the defendant incurred prejudice. *State v. Crandall*, 452 N.W.2d 708, 711 (Minn.App.1990). Thus, the prosecution "bears the burden of showing that the trial court's error could not reasonably have affected the verdict."

appointment pursuant to Minn. Const. art. VI, § 10.

*Id.* (citation omitted); *see also Olano,* 507 U.S. at 739, 113 S.Ct. at 1780 (stating that ultimate inquiry is whether intrusion "affect[ed] the jury's deliberations and thereby its verdict"). To determine whether the state has met its burden, the court considers (1) "the number of jurors exposed to the contact," including whether the alternate actively participated in the deliberations and for how long; (2) "the weight of the evidence on the merits of the case"; and (3) "the likelihood that prejudice was abated by curative measures." *Crandall,* 452 N.W.2d at 711.

In this case, applying the *Crandall* analysis, we conclude that the alternate's presence prejudiced appellant. First, although the seventh juror was an alternate, none of the jurors knew there was an alternate. All the jurors had contact with the alternate because the alternate participated in all of the deliberations and, when polled, he assented with the verdict. Second, there was a guilty verdict on two of the five counts. Third, the trial court did not give specific instructions regarding the alternate or take any other curative measures. Thus, the trial court erred in finding that respondent met its burden to demonstrate that appellant was not prejudiced.

## II.

*Jury Size*

■ Respondent contends that no rule prohibits a jury of seven, therefore absent prejudice to appellant there is no error in allowing the alternate to remain. As concluded above, there was prejudice to appellant. Even if there were no prejudice, however, lack of an express prohibition against seven jurors is not dispositive.

With regard to misdemeanors, the rules provide only for a six-person jury. Authorization for a six-member jury is contained in the definition of a petit jury as "a body of six persons." Minn. R. Gen. Pract. 802(i). The Minnesota Constitution allows for more than six jurors for felonies or where otherwise provided by rule or law. Minn. Const. art. I, § 6 ("In all [non-felony] criminal prosecutions, the legislature may provide for the number of jurors, provided that a jury have at least six members."). The Minnesota Rules of Criminal Procedure also allow the parties, with the court's approval, to stipulate that the jury shall consist of a lesser number than that provided by law." Minn. R.Crim. P. 26.01, subd. 1(4) (2000). Here, there is no applicable rule or law authorizing a seven-member jury. There is also no claim that the parties agreed to seven jurors much less sought court approval for such an agreement. Because the seventh juror was not authorized, it was error to allow the alternate to remain through deliberations.

## III.

*Waiver*

■ Respondent also contends that appellant waived his right to object because appellant's attorney acquiesced in the alternate's participation. The record indicates, however, that appellant objected just before the jury returned and published the verdict. Regardless of the timeliness of the objection, even if appellant's attorney had acquiesced, such action would not effectively waive appellant's right to a six-member jury where appellant himself did not consent to seven jurors. *But see United States v. Stewart,* 700 F.2d 702, 704–05 (11th Cir.1983) (finding defense counsel's stipulation to 13 member jury sufficient to waive entitlement to 12 member jury because decision was tactical one).

■ The criminal rules provide that:
At any time before verdict, the parties, with the approval of the court, may stip-

ulate that the jury shall consist of a lesser number than that provided by law. The court shall not approve such a stipulation unless the defendant, after being advised by the court of the right to trial by a jury consisting of the number of jurors provided by law, personally in writing or orally on the record in open court agrees to trial by such reduced jury.

Minn. R.Crim. P. 26.01, subd. 1(4); *see Reed v. United States,* 479 U.S. 954, 954, 107 S.Ct. 445, 445, 93 L.Ed.2d 393 (1986) (mem.) (White, J., dissenting from denial of certiorari). The requirement of a fully informed criminal defendant expressly agreeing to a specific deviation from his rights is as critical where more jurors deliberate as where fewer jurors deliberate. It is not possible to gauge the impact a single additional juror will have on the outcome of a trial. Therefore, we decline to limit this rule requiring personal consent to cases where the defendant agrees to fewer jurors than the number required by law.

## DECISION

The trial court erred by allowing the alternate juror to decide the case with the rest of the jury. Appellant is entitled to a new trial.

**Reversed and remanded.**