STATE of Minnesota, Respondent,

v.

**Levi William McMAINS, Appellant.**

**No. C1–01–1270.**

Court of Appeals of Minnesota.

Oct. 23, 2001.

Samuel A. McCloud, Carson J. Heefner, Shakopee, for appellant.

Pamela J. Converse, Scott Joint Prosecution Association, Shakopee, for respondent.

Considered and decided by STONEBURNER, Presiding Judge, RANDALL and HALBROOKS, Judges.

## SPECIAL TERM OPINION

STONEBURNER, Judge.

This is an expedited appeal from a bail order denying appellant Levi McMains' motion to set monetary bail without other conditions of pretrial release. Because we conclude the district court erred in refusing to set "money-only" bail, we reverse and remand.

## FACTS

Appellant was arrested on March 16, 2001, and charged with gross misdemeanor DWI. The same day, appellant appeared before the district court, which set bail at $3,000 bond or $750 cash, and imposed various nonmonetary conditions of pretrial release, including abstention from alcohol and random drug and alcohol testing.

On July 23, 2001, appellant appeared for an omnibus hearing. Appellant's counsel made a motion to set monetary bail without other conditions of release, arguing that "money only" bail must be set under Minn. R.Crim. P. 6.02, subd. 1. The district court denied the motion, finding that appellant posed a risk to the safety of others and to the community.

## ISSUE

Did the district court err by failing to set money-only bail?

## ANALYSIS

The district court has discretion in setting the appropriate amount of bail, and its decision will not be reversed absent a clear abuse of discretion. *State v. Chamblee*, 407 N.W.2d 721, 722 (Minn.App.1987). The issue appellant raises, however, involves an interpretation of ·the rules of criminal procedure, which is reviewed de novo. *State v. Nerz*, 587 N.W.2d 23, 24 25 (Minn.1998).

Appellant does not contest the district court's authority to impose nonmonetary conditions on his pretrial release. The DWI statute requires that certain nonmonetary conditions be imposed on certain DWI defendants. Minn.Stat. § 169A.44(b) (2000). Appellant's argument is that, under Minn. R.Crim. P. 6.02, subd. 1, the court must set an amount of monetary bail at which he may obtain his release without complying with nonmonetary conditions.

The rules provisions appellant relies on states:

In any event, the court shall also fix the amount of money bail without other conditions upon which the defendant may obtain release.

Minn. R.Crim. P. 6.02, subd. 1. The rule is stated in mandatory terms. *See* Minn. Stat. § 645.44, subd. 16 (2000) (providing that term "shall" is mandatory).

The district court declined to set "money only" bail because it concluded that appellant presented a risk to public safety. The court could have considered the risk to public safety in setting a higher amount of bail or more onerous nonmonetary conditions. *See* Minn. R.Crim. P. 6.02, subd. 2 (providing that in setting conditions of release the court may consid-

er the safety of others and of the community). But the district court was required by Minn. R.Crim. P. 6.02, subd. 1 to provide a setting of monetary bail by which appellant could obtain pretrial release without satisfying nonmonetary conditions.

 We emphasize that the rule's requirement of "money-only" bail does not prohibit the district court from imposing nonmonetary conditions of release. The court may still impose nonmonetary conditions as part of an alternative bail setting imposed as an option along with "money-only" bail. By means of such alternative bail settings, the district court may comply with Minn. R.Crim. P. 6.02, subd. 1 as well as with the DWI bail statute, Minn.Stat. § 169A.44(b), which mandates certain nonmonetary conditions be imposed against certain DWI defendants except when the statutory maximum bail is set.

 We emphasize that in this case, no issue is raised as to a conflict between Rule 6.02, subd. 1, and Minn.Stat. § 169A.44(b), nor is any separation-of-powers claim raised.[1] Furthermore, we are not presented with any issue regarding conditions of release that may be required by statute in cases of domestic assault, or in other types of prosecution. *See* Minn. Stat. § 629.72 subd. 2 (2000) (providing for bail in cases of domestic assault or harassment). Finally, we must recognize that Rule 6.02, subd. 1, implements a constitutional right to bail for all noncapital offenses. *See generally State v. Brooks,* 604 N.W.2d 345, 350–51 (Minn.2000). The rule "establishes a preference for pretrial release with no monetary conditions." *Id.* at 351. Our holding here should not be construed as limiting the district court's discretion to release defendants on their own personal recognizance or on an unsecured appearance bond. *See* Rule 6.02, subd. 1

(stating preference for release on personal recognizance, on an order to appear or on execution of unsecured appearance bond). We hold only that, when the court has determined that additional conditions are necessary, it must "fix the amount of money bail without other conditions upon which the defendant may obtain release." *Id.*

## DECISION

The district court erred in refusing to set monetary bail upon which appellant can obtain pretrial release without complying with nonmonetary conditions.

**Reversed and remanded.**

---

1. The state declined to file a brief in this appeal.