**STATE of Minnesota, Respondent,**

v.

**James Anthony HOUX, Appellant.**

**No. A05–1934.**

Court of Appeals of Minnesota.

Jan. 17, 2006.

Samuel A. McCloud, Carson J. Heefner, Shakopee, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN and Amy Klobuchar, Hennepin Coun-

ty Attorney, Jean E. Burdorf, Ass't County Attorney, Minneapolis, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; HALBROOKS, Judge; and WRIGHT, Judge.

## OPINION

TOUSSAINT, Chief Judge.

This is an expedited appeal from a pretrial bail order. The district court denied appellant James Anthony Houx's motion to modify the conditions of release by setting money bail at which Houx could obtain pretrial release without nonmonetary conditions. We reverse and remand.

## FACTS

Houx has three prior DWI convictions or implied-consent revocations within the past 10 years. After being charged with first-degree driving while impaired (DWI), he made his first appearance on August 22, 2005. The district court set bail at $20,000, with various non-monetary conditions, including electronic home monitoring, random Alcosensor testing, and random urinalysis tests. Houx posted a $20,000 bond on August 24 and obtained his release. But his attorney later filed a motion asking the court to set bail at which Houx could obtain release without any non-monetary conditions.

Although Houx obtained his release, he experienced problems with his electronic-home-monitoring bracelet and the Alcosensor woke him up at night. He moved for an alternative money-only bail. The prosecutor, noting that Houx had five prior DWI offenses and that his chemical-dependency treatment had failed to prevent a reoccurrence, opposed the motion. The district court ordered that bail remain the same. Houx filed this appeal.

## ISSUE

Did the district court err in declining to set money-only bail?

## ANALYSIS

█ ▪The district court has discretion in setting the appropriate amount of bail, and its decision is reviewed under a clear-abuse-of-discretion standard. *State v. Chamblee*, 407 N.W.2d 721, 722 (Minn.App. 1987). But the issue presented here involves the interpretation of the DWI bail statute and the rules of criminal procedure, which we review de novo. *See State v. Nerz*, 587 N.W.2d 23, 24–25 (Minn.1998).

Minn.Stat. § 169A.44, subd. 2(a) (2004), provides that, unless the maximum authorized bail is imposed, the court may release a repeat offender such as Houx from pretrial detention only on certain non-monetary conditions, including abstention from alcohol and random alcohol tests, as well as weekly reporting to a probation agent. Houx is charged with felony DWI, for which there is no maximum authorized bail. *See* Minn.Stat. § 629.471, subd. 4 (2004) (providing that statutory bail maximums for misdemeanors and gross misdemeanors do not apply to felony DWI).

Minn. R.Crim. P. 6.02, subd. 1, requires the district court, in considering conditions of pretrial release, to set "monetary bail" without other conditions of release. Minn. Stat. § 169A.44, in conjunction with Minn. R.Crim. P. 6.02, subd. 1, requires district courts to set bail as either (1) the statutory maximum monetary bail, without additional conditions, or (2) a lower monetary bail amount with non-monetary conditions. *State v. McMains*, 634 N.W.2d 733, 735 (Minn.App.2001). "By means of such alternative bail settings, the district court may comply with Minn. R.Crim. P. 6.02, subd. 1 as well as with the DWI bail

statute, Minn.Stat. § 169A.44(b) [2000]." *Id.*

*McMains* involved a gross-misdemeanor DWI, for which there was a statutory maximum bail amount. *Id.* at 734. Although the felony DWI law was then in effect, the defendant in *McMains* was not charged with a felony offense, nor did the opinion discuss money-only bail in felony cases. *See id.*

In setting bail for a felony DWI offense, a district court was not strictly bound by *McMains* because there is no *statutory maximum* bail amount to be set without non-monetary conditions. But, since *McMains*, the legislature added Minn.Stat. § 169A.44, subd. 2(b) (2004), providing that: "In addition to setting forth conditions of release under paragraph(a), if required by court rule, the court shall also fix the amount of money bail without other conditions upon which the defendant may obtain release." This provision recognizes the rule requiring courts to set money-only bail and eliminates any conflict between the rule and the statute. The provision also moots the state's argument that, under a separation-of-powers analysis, the statute controls over the rule because bail is a matter of substantive law. *See generally State v. Johnson*, 514 N.W.2d 551, 554 (Minn.1994) (stating that, in matters of procedure rather than substance, the rules control over the statutes in the event of inconsistency). Therefore, we need not address that argument nor decide whether bail is a matter of substantive or procedural law.

 Houx argues that under rule 6.02, subd. 1, and this court's opinion in *McMains*, he is entitled to a setting of money bail, without other conditions, on which he can obtain release. We agree that the requirement of money-only bail in rule 6.02, subd. 1, applies to felony DWI offenders. It is not necessary, however, to rely on *McMains* to accommodate the rule requirement of a money-only bail setting and the DWI bail statute's requirement of non-monetary conditions. The legislature has made that accommodation in the DWI bail statute itself. *See id.*

Minn.Stat. § 169A.44, subd. 2(b), mandates the money-only alternative bail setting sought by Houx. Therefore, we remand to the district court for an alternative setting of money-only bail.

## DECISION

The district court's order maintaining bail with non-monetary conditions is reversed, and the matter is remanded for an alternative setting of money-only bail.

**Reversed and remanded.**