OPINION
ANDERSON, Justice.
On September -29, 2012, Deputy Bill Hargrove of the Houston County-Sheriff’s Office pulled over , a vehicle after he observed the vehicle traveling the wrong way on a divided highway. Deputy Hargrove identified the driver of the vehicle as Appellant Joshua Lee Myhre. During the ensuing traffic stop, Myhre failed two sobriety tests. Myhre also provided a “very weak” breath sample and later refused to provide a second sample. Myhre’s refusal to provide a second breath sample violated MinmStat. § 169A.20, subd. 2 (2014). Because Myhre had at least three prior aleo-, hol-related - driving incidents, he was charged with first-degree refusal to submit to testing and first-degree driving under the 'influence. See Minn.Stat; § 169A.20, subds. 1-3 (2014).
After an unsuccessful-motion to dismiss the criminal complaint for lack of probable cause,. Myhre challenged the constitutionality of the implied-consent statute. The district court heard argument on the constitutionality of the implied-consent statute during a contested omnibus hearing and ultimately concluded that the statute was Constitutional; ■ Myhre subsequently entered into an agreement with the prosecution in order to resolve his case without a jury trial. Under that agreement, the prosecution dismissed the charge for driving under the influence.
Three days later, Myhre signed a plea petition, stating that he was waiving his right to a jury trial and pleading guilty to the refusal-to-.test charge. The plea petition also stated that Myhre’s attorney told Myhre — and Myhre understood — that he would “have'the right to appeal, but that any appeal or other court action [Myhre might] take claiming error in the proceedings probably would be useless and a waste of [his] time and the court’s.” The district court held a plea hearing to receive Myhre’s plea and resolve the case. During that hearing, the district court exam-, ined Myhre on the record and obtained a clear and complete waiver of his right to a jury trial. The district court then asked. Myhre, “[T]o the charge ... of first degree refusal by way of a Lothenbach plea occurring on September 29th, 2012, how do you plead?” Myhre responded, “Guilty.” The parties also submitted a document to the district court entitled “Joint Stipulated Facts.” ' The stipulated facts are identical to the factual narrative portion of the “Statement of Probable Cause” filed by Deputy Hargrove. After, examining Myhre and considering the information contained- in the stipulated facts, the district court adjudicated Myhre guilty of first-degree refusal to test.
*802 To a casual observer, Myhre’s agreement with the prosecution might appear to be an ordinary plea- agreement. But the record indicates that the agreement was actually more complex. Despite the entry of a guilty plea, it appears that Myhre, along with the State, intended to proceed under Minn. R.Crim. P. 26.01, subd. 4. This rule allows a criminal defendant to plead not guilty; waive all trial-related rights, including his or. her right to a jury trial; stipulate to the state’s evidence in a trial to the court; and then appeal a dis-positive, pretrial ruling. Although Myhre entered a guilty plea rather than a nob-guilty plea, the record is replete with references to a so-called Lothenbach plea. In 2007, Minn. R. Crim. 26.01, subd. 4, replaced Lothenbach as the method for preserving a dispositive pretrial issue for appellate review in a criminal case. See State v. Diede, 795 N.W.2d 836, 842 n. 2 (Minn.2011).
A handwritten portion of the plea agreement indicates that the plea was to be a “Lothenbach plea.” Myhre’s attorney referenced Lothenbach multiple times when explaining the plea agreement to the district court, stating that the plea would be entered according to the “Lothenbach method.” Further, Myhre’s attorney explicitly stated that the plea was entered so that Myhre could appeal the district court’s pretrial ruling on the constitutionality of the implied-consent law, an appeal Myhre could not have taken if he had truly entered a plea of guilty. See generally State v. Lothenbach, 296 N.W.2d 854, 857-58 (Minn.1980) (noting that Minnesota does not recognize conditional guilty pleas).
The district court specifically asked Myhre if he was going “forward with a Lothenbach plea,” to which Myhre responded, “Yes.” The district court clarified again that Myhre was pleading “by way of a Lothenbach plea” before Myhre stated that he was pleading guilty. Myhre’s attorney once again asked Myhre, this time under oath, whether' he was entering a Lothenbach plea. Myhre responded, “Yes.” Myhre’s attorney also asked whether, after the plea was entered, Myhre intended to “appeal the Court’s finding of guilt.” Myhre indicated that was his intent.
After Myhre testified under oath, the district court took a short recess during which it considered the stipulated facts the parties had submitted. After returning from the recess, the district court made findings of fact that were consistent with the relevant stipulated facts. The district court found Myhre guilty of “failure to submit to testing in the first degree,” citing the current case and Myhre’s three prior alcohol-related convictions. Later, during the sentencing hearing, Myhre’s attorney and the district court acknowledged that Myhre was pursuing an appeal of the pretrial ruling and Myhre’s attorney made yet another reference to the “Lothenbach plea.”
Before the court of appeals, Myhre not only argued that the implied-consent law was unconstitutional — which was the gravamen of the pretrial ruling he sought to challenge when he entered his plea — he also argued that his conviction was invalid because the procedure followed in the district court did not comply with- Minn. R.Crim. P. 26.01, subd. 4. He further alleged that the district court did not make sufficient factual findings regarding his three prior offenses. The court of appeals concluded that Myhre’s plea did not comply with Minn. R.Crim. P. 26.01, subd. 4, because Myhre entered a guilty plea rather than a not-guilty plea and because Myhre and the prosecutor failed to acknowledge on the record that the pretrial issue would be dispositive. State v. *803 Myhre, No. A14-0670, 2015 WL 853465, at *3 (Minn.App. Mar. 2, 2015); see Minn. R.Crim. P. 26.01, subd. 4(c). But the court of appeals decided to treat Myhre’s guilty plea as'if it were a not-guilty plea that complied with Rule 26.01, subdivision 4, and affirmed Myhre’s conviction.[1] Myhre, 2015 WL 853465, at *3-4. We granted review exclusively on the issue of whether Myhre’s conviction was invalidated by the district court’s failure to fully comply with the provisions of Rule 26.01, subdivision 4.
I.
Rules of criminal procedure are enacted under the court’s “authority to ensure the effective functioning of the judiciary.” State v. Cheng, 623 N.W.2d 252, 257 (Minn.2001). The interpretation of a rule of criminal procedure presents a question of law that we review de novo. Dereje v. State, 837 N.W.2d 714, 720 (Minn.2013), cert. denied, — U.S.-, 134 S.Ct: 1772, 188 L.Ed.2d 603 (2014); State v. Hugger, 640 N.W.2d 619, 621 (Minn.2002).
Neither party suggests a complete analytical framework through which we should address Myhre’s claims, nor does our precedent clearly provide one. Although Myhre does not explicitly propose a rule, he suggests that Rule 26.01, subdivision 4, requires something akin to strict compliance with each of its provisions in order to produce a valid conviction. The State, on the other hand, suggests that noncompliance with Rule 26.01, subdivision 4, should be a basis for vacating a conviction only when the departure from the rule impacts the defendant’s “fundamental rights” or if the ■ district court failed to substantially comply with the rule.
Myhre cites no precedent to support a rule of strict compliance, and we are not aware of any cases in which wé have required strict compliance with either Rule 26.01, subdivision 4, or Lothenbach in order to produce a- valid conviction. On the contrary, we have allowed multiple convictions to stand and appeals to continue de-. spite reliance on flawed attempts to comply with either Rule 26.01, subdivision 4, or the Lothenbach procedure.
In State v. Ford, 397 N.W.2d 875 (Minn.1986), we addressed the merits of the appeal even though the defendant had pleaded guilty, rather' than not guilty, while attempting to comply with the Lothenbach procedure. Id. at 878. We reasoned that, “[although [the Lothenbach] procedure was not followed in this case, the circumstances are similar to those in Lothenbach. We will do here as we did in Lothenbach and treat this as an appeal from a finding of guilty’based on stipulated facts — ” Id. We took a similar approach in State v. Verschelde, 595 N.W.2d 192 (Minn.1999). Even though there was “some confusion” regarding whether the defendant entered a guilty plea or a not-guilty plea, we placed substance above form and allowed the appeal to proceed as if the defendant’s plea had fully complied with the Lothenbach procedure. Id. at 193-95. Finally, in State v. Diede, 795 N.W.2d 836 (Minn.2011),-the parties submitted the ease to the district court on “stipulated facts,” rather than stipulating to the State’s evidence, but the district court proceeded as if a “Lothenbach plea” had been entered — an *804 error almost identical to one of the errors Myhre claims here. Id. at 842 n. 2. In allowing the appeal to proceed,[2] we reasoned that the procedui’e employed by the district court “most closely resemble[d]” a trial under Rule 26.01, subdivision 4. Id.
These cases clearly demonstrate that we have never required strict compliance with the provisions of either Rule 26.01, subdivision 4, .ov - Lothenbach. Indeed, we have tolerated a substantial amount óf procedural error when the record shows that the parties clearly intended to achieve the outcome contemplated by either Rule 26.01, subdivision 4, or Lothenbach.[3] But we have never articulated a rule or framework that governs, whether a proceeding under Rule 26.01, subdivision 4, produces a valid conviction when- the proceeding does not fully comply with the provisions of the rule., ,
For the reasons set forth, below, we conclude that a plain error analysis'is the proper framework in this ease. While Myhre nominally entered a plea of guilty, the procedure with which the parties were attempting to comply is a “trial to the court.” See Minn. R.Crim. P. 26.01, subd. 4(e) (“The defendant must stipulate to the prosecution’s evidence in a trial to the court_”). Myhre did not object to any errors in the district court and actually participated in, or even instigated, several of the alleged errors he now challenges on appeal. Ordinarily, we do not consider errors that were not objected to in the district court. See State v. Osborne, 715 N.W.2d 436, 441 (Minn.2006). Similarly, we do not typically review errors that were invited by the defendant or that the defendant could have prevented in the district court. See State v. Goelz, 743 N.W.2d 249, 258 (Minn.2007).
Despite these general rules, we will review an unobjected-to error, even if the error was' invited by the defendant under the plain error test.[4] See State v. Band, 654 N.W.2d 105, 113 (Minn.2002); Goelz, 743 N.W.2d at 258. As a result, we will treat- any errors committed by the district , codrt or the parties as errors made during the course of a trial and apply the plain error framework. See generally Minn. R.Crim. E. 31.02 (providing for plain error review); State v. Dalbec, 800 N.W.2d 624, 627 (Minn.2011) (evaluating whether an error committed in the course of a bench trial constituted structural error and instead treating the error as a trial error). In order to meet the plain error standard, a criminal defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affected the defendant’s substantial rights. State v. Griller, 583 N.W.2d 736, 740 (Minn.1998). If the first three prongs are satisfied, we must consid *805 er: a fourth factor, “whether [we] should address the error to ensure fairness and the integrity of the judicial proceedings.” Id..
In addition to conforming to our precedent and rules regarding how to review unobjected-to errors, plain error analysis is consistent with the manner .in which we have evaluated analogous cases in the’past. For instance, although Verschelde and Ford did not explicitly adopt a plain error analysis, both cases appear to approach the errors committed in the district court by determining whether the errors were prejudicial. This approach is particularly clear in Verschelde, where the focus was on the procedure that the district court actually followed and we determined that the defendant had 'actually received a Lothenbach trial. 595 N.W.2d at 195. Indeed, both Verschelde and Ford reviewed the. events in the district court to determine whether the respective defendants had been prejudiced and focused the analysis on the intent of the parties and the fact that all sides received what’they had bargained for. See Verschelde, 595 N.W.2d at 195 (allowing the appeal to proceed because “[e]qually clear on the record before us is the appellant’s expectation that he was preserving his right to appeal the trial court’s pretrial ruling, and the state’s understanding that an appeal would follow”); Ford, 397 N.W.2d at 878 (noting that the defendant intended to appeal a pretrial order and deciding to treat the appeal as if it had complied with Lothen-bach ).
A plain error analysis is also consistent with our more recent 'decision in Dereje v. State, 837 N.W.2d 714 (Minn.2013), cert. denied, — U.S.-, 134 S.Ct. 1772, 188 L.Ed.2d 603 (2014), relied upon by the court of appeals here. See Myhre, 2015 WL 853465, at *3-4. Dereje involved a stipulated facts trial during which the parties submitted evidence, to the district court that included contested facts instead of agreeing on a set of stipulated facts, as required by Minn. R.Crim. P. 26.01, subd. 3. Dereje, 837 N.W.2d at 719. We held that Dereje did not receive a stipulated facts trial because the parties submitted contested evidence and the district court made extensive findings of fact, rather than applying the law to stipulated facts. Id. at 720-21. But we concluded that De-reje had received a valid bench trial under Minn. R.Crim. P. 26.01, subd. 2, and affirmed his conviction. Dereje, 837 N.W.2d at 721.
■ Although, we did not explicitly adopt a plain error analysis in Dereje, our analysis and conclusion aré consistent with a plain error framework. ■ Because Dereje did not object to the error- in the district court and, much like this case, substantially participated in the error, id. at 719, his claim was subject to plain error review. We found that there was an error and it is apparent that the error in Dereje was “plain.” See State v. Ramey, 721 N.W.2d 294, 302’ (Minn.2006) (holding that usually an error is plain when it “contravenes case law, a rule, or a standard of conduct”). But Dereje’s claim failed because he could not show prejudice. As we explained, De-reje received a valid bench trial under Minn. ■ R.Crim.. P. 26.01, subd. 2. Consequently, Dereje was unable to show that the errors in the trial court affected his substantial rights.. Thus, the plain error framework is both consistent with our holding , in Dereje and helps. explain the pivotal importance of the fact that Dereje received a valid bench trial under Rule 26.01, subdivision 2,
Because applying a plain error analysis to this case is consistent with both the rules of criminal procedure and our precedent, we hold that plain error analysis applies to unobjeeted-to errors commit *806 ted under Rule 26.01, subdivision 4. Myhre did not object in the district court to the errors he now raises on appeal. As a result, we will review Myhre’s' claims for plain error.
II.
Myhre asserts that five errors render his conviction invalid. First, Myhre claims that an error was committed when he entered a guilty plea, rather than a not-guilty plea. Second, Myhre and the prosecutor failed to acknowledge on the record that the pretrial issue Myhre intended to appeal was dispositive. Third, Myhre did not acknowledge that appellate -review would be- limited to the pretrial issue. Fourth, the parties submitted stipulated facts, rather than stipulated evidence, to the district court. Finally, Myhre claims that the district court did not consider evidence as a trier of fact, but instead used the stipulated facts to support Myhre’s guilty plea. Because Myhre did not object to any of these alleged errors in the district court, each is subject to a plain error analysis. See Baird, 654 N.W.2d at 113.
A.
As an initial- matter, we must address which of the alleged errors to review on appeal. Myhre not only failed to object to these errors in the district court, he also failed to raise all but two of them before the court of appeals. The only two errors Myhre alleged in his brief to the court of appeals were that he pleaded guilty instead of not guilty and that both parties failed to acknowledge the dispositive nature of the pretrial issue on the record before the district court. Myhre’s petition for review also relies exclusively on the fact that he pleaded guilty instead of not guilty and failed to acknowledge the dis-positive nature of the pretrial issue on the record. Finally, although Myhre’s brief to. this court does assert that the district court committed the three additional errors he now raises, it provides no analysis or argument, regarding these three errors.
Issues not raised in the court of appeals are usually forfeited here. State v. Campbell, 814 N.W.2d 1, 4 n. 4 (Minn.2012) (declining to reach an issue that was not raised in the district court or before the court of appeals). “Generally, we do not address issues that were not raised in a petition for review.” In re GlaxoSmithKline PLC, 699 N.W.2d 749, 757 (Minn.2005). We have also declined to address issues that were raised in a brief to our court, but were not adequately argued or explained. State v. Bernard, 859 N.W.2d 762, 765 n. 2 (Minn.), cert. granted on other grounds, — U.S.-, 136 S.Ct. 615, 193 L.Ed.2d 495 (2015). Finally,, we have declined to consider issues that were not raised in the petition for review and not fully developed in the appellant’s brief when we thought it was possible that appellant’s failure to raise the issue in the petition for review and failure to argue it thoroughly may have inhibited the respondent’s ability to argue the issue to our court. In re GlaxoSmithKline PLC, 699 N.W.2d at 757.
All of these shortcomings are present in this case. Myhre failed to object to the three additional errors in the district court, failed to raise them before the court of appeals, and failed to address them in his petition for review. Myhre’s brief to this court mentions these three issues in passing, but provides no substantial argument or analysis.[5] Finally, the State did *807 not address the three alleged errors in its brief and we cannot rule out the possibility that Myhre’s repeated failure to raise and properly articulate these .issues contributed to the State’s lack of argument.
When, as in this case, a defendant fails to preserve issues for review at every level of the judicial process and provides no excuse for his failure, those issues are forfeited and we will not consider them.[6] Consequently, issues regarding whether Myhre acknowledged that his appeal would be limited to the pretrial issues, the parties’ submission of stipulated facts instead of stipulated evidence, and whether the district court made findings of fact are all forfeited and will not be considered further.
B.
Myhre argued two errors to the court of appeals and raised those same two errors in his petition for review. First, Myhre alleges.that the district court erred because he entered a plea of guilty rather than entering a not-guilty plea as required by Rule 26.01, subdivision 4. Second, Myhre argues the district court erred because the parties failed to acknowledge on the record that the pretrial issue being appealed would be dispositive. We address each • of Myhre’s- 'arguments under the plain error framework.
Myhre asserts that the district court committed an error by allowing him to plead guilty rather than not guilty. Myhre is correct in cqncluding that the district court committed an error by failing to follow the plain language of Rule . 26.01, subdivision 4.[7] See Ramey, 721 N.W.2d at 302. Additionally, because the text of Rule 26.01, subdivision 4, clearly requires a not-guilty plea, the district court’s error was plain. See id. (stating that “[ujsually [an error is plain] if it contravenes case law, a rulé, or a standard of conduct”).
But, even though the district court committed a plain error, Myhre must show that the error impacted his substantial rights in order to satisfy the third prong of the plain error test. See Griller, 583 N.W.2d at 740. To that end, Myhre claims that his guilty plea caused him to receive “no trial at all” when he was entitled to a trial to the court based on stipulated evidence. The record does not support Myhre’s position.
The district court repeatedly emphasized that it would be “consider[ingj the stipulated facts in determining [Myhre’s] guilt or innocence.” The court asked *808 Myhre whether he. was “willing to allow the matter to be submitted, to the Court o.n the stipulated findings of fact knowing that [the court] may very well [find Myhre guilty].” After ensuring that Myhre was knowingly and intelligently waiving his right to a jury trial and his right to confront the witnesses against him, the court stated, “What I intend to do,- after I’ve taken the'briéf testimony from you ... [is] retire to chambers to review the stipulated facts, and then we’ll return ... after I’ve had a chance to look that over, to make a final determination of guilt.” Once the court reviewed the stipulated facts, it made factual findings of its own, on the record, and concluded that Myhre was guilty of first-degree refusal to test.
 The district court clearly indicated that it intended to conduct an independent review of the facts and make an independent judgment concerning Myhre’s guilt. The process the court followed, including making factual findings on the record and clearly adjudicating Myhre guilty only after reviewing the facts submitted to the court, generally constitutes a “trial to the court,” as contemplated by- Rule 26.01, subdivision 4- Consequently, we conclude that although Myhre may have nominally entered a plea of guilty, his guilty plea had no impact on his substantial rights. As a result, Myhre cannot satisfy the third prong of the plain error test and he is not entitled to relief based on this error..
Next, Myhre contends that an error was committed when the parties failed to acknowledge, on the record, that the pretrial issue Myhre intended to appeal would be dispositive, as required by Rule 26.01, subdivision 4 Because Myhre failed to object to the error in the district court, it too is subject to plain error analysis. Baird, 654 N.W.2d at 113. The text of Rule 26.01, subdivision 4, clearly requires the prosecutor and the defendant to acknowledge the dispositive nature of the pretrial issue on the record. As a result, the - district court committed a plain error when it failed to require those acknowledgments in this case. See Ramey, 721 N,W.2d at 302.
Once again, however, Myhre must demonstrate that the error impacted his substantial rights. Myhre does not fully develop this argument or clarify how a failure to acknowledge the dispositive nature of the pretrial issue prejudiced him. After a careful consideration of the recorand the circumstances of this ease, we have concluded that the failure to acknowledge the dispositive nature of the pretrial issue did not and could not have prejudiced Myhre.
If the pretrial issue appealed pursuant to Rule 26.01, subdivision 4, were not actually dispositive, a criminal defendant could hypothetically be prejudiced if he or she were to prevail on appeal because he or she might still be subject to prosécution on the same charge in the district’ court after the appeal. Where the pretrial issue is actually dispositive, however, there is no risk of prejudice because the defendant prevailing on appeal will be able to assert the dispositive nature of the ruling on remand to the district court. Here, Myhre was challenging the constitutionality of the statute under which he was charged. Had the court of appeals agreed with Myhre and held that the implied-consent statute is unconstitutional, there is no doubt that ruling would have been dispositive. Of course, the court of appeals held that the statute is, in fact, constitutional and affirmed Myhre’s conviction, foreclosing the possibility that Myhre could have been prejudiced by this error. Consequently, not only did Myhre not suffer any actual prejudice in this case, he suffered no risk of prejudice as a result of the error. Because he cannot show prejudice to his sub *809 stantial rights, Myhre is not entitled to relief based on this error.
III.
Although we affirm Myhre’s conviction today, it would be a mistake to minimize the errors that spawned this appeal. Lothenbaeh has not been the law in this state for more than 8 years. The fact that the district court and experienced attorneys are still attempting to employ a procedure long ago superseded by rule is, to say the least, concerning. It is made all the more alarming because, even if Loth-enbaeh were still the law, the district court’s procedure in this case failed to even comply with Lothenbaeh ’s requirements. Nevertheless, given our application of the plain error standard in this case and the arguments of the parties, we affirm the decision of the court of appeals.
Affirmed.

. Because the court of appeals treated Myhre’s plea as valid under Rule 26.01, subdivision 4, it reached the question of whether the implied-consent law is unconstitutional. Myhre, 2015 WL 853465, at *4. The court of appeals' affirmed the district court and upheld the constitutionality of the implied-consent law. Id. Additionally, the court of appeals declined to reach Myhre’s argument that the state failed to prove his three prior convictions because Rule 26.01, subdivision 4, allows a defendant to appeal only dispositive pretrial issues. Id. at *4 n. 5.

. It does not appear that the parties in Diede argued that the plea was invalid. But if, as Myhre suggests,. a procedure that does not comply with Rule 26.01, subdivision 4, cannot produce a valid conviction, it would have been inappropriate to allow the appeal to proceed, particularly given the clear departure from the requirements of the rule and the fact that we recognized and addressed the procedural irregularities in our opinion.

. ' In Diede, for instance, the parties actually "described the process as a trial on stipulated facts.” 295 N.W.2d at 842 n. 2; see Minn, R.Crim. P. 26.01, subd. 3. The district court "described the process as a Lothenbach plea hearing.” Diede, 795 N.W.2d at 842 n. 2. The process in Diede most closely resembled a trial, under Rule 26.01, subdivision 4, and this court proceeded as if the parties had complied with Rule 26.01, subdivision .4, Id.

.None of the errors Myhre alleges appears to fall into the narrow category of structural errors that “defy analysis by 'harmless-error’ standards.” State v. Dalbec, 800 N.W.2d 624, 627 (Minn.2011) (quoting Arizona v. Fulminante, 499 U.S. 279, 309-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)).

. The dissent argues that Myhre's brief adequately addressed the error that was allegedly committed when Myhre failed to acknowledge that his right to appeal would be limited to the pretrial issue. The dissent quotes Myhre’s briefing on the issue and claims that his brief *807 supports his claim for relief. What the dissent fails to mention is that the portion of Myhre’s brief it quotes is the entirety of Myhre’s argument on the issue. It spans two sentences and contains a total of 48 words. While the brief identifies the provision of the rules Myhre claims was violated and asserts that Myhre. did not make the required ac-knowledgement, the brief provides no further argument or analysis, Most importantly, the brief never articulates why that single error should entitle Myhre to relief. The dissent does not just do the heavy lifting for Myhre on this issue, it does substantially all of the lifting. In the end, Myhre’s "argument” regarding the third alleged error' is nothing more than a bare assertion and does not properly present the issue to this court. See Bernard, 859 N.W.2d at 765 n. 2 (rejecting as inadequately briefed a claim that a statute should have been found facially unconstitutional when the litigant provided no further analysis or argument).

. The dissent urges us to reach the merits of Myhre’s third asserted error "in the interests of justice.” Considering the totality of the circumstances in this case — particularly Myhre’s repeated and unexcused failure ,to raise this issue, despite numerous opportunities — we decline to do so.

. We disagree with the court of appeals’ conclusion that it was possible to treat Myhre’s guilty plea as-a not-guilty plea.