*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0719**

State of Minnesota,
Respondent,

vs.

Jason Wyatt Mindrup,
Appellant

**Filed August 29, 2016
Affirmed
Worke, Judge**

Mower County District Court
File No. 50-CR-13-2441

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Duane A. Kennedy, Kennedy Law Office, Rochester, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Worke, Judge; and Smith, John, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges his second- and third-degree criminal-sexual-conduct convictions, arguing that the prosecutor committed misconduct and that he received ineffective assistance of counsel. We affirm.

## FACTS

On the evening of August 30, 2013, G.S. went to a bar. Appellant Jason Wyatt Mindrup, an off-duty peace officer, was also at the bar. G.S. left the bar to show an acquaintance her place of employment, which was two blocks away. While G.S. stood outside of her place of employment, Mindrup arrived in a truck and offered to return G.S. to the bar. G.S. entered Mindrup's vehicle, but the acquaintance did not.

Rather than return to the bar, Mindrup drove G.S. down a gravel road. After stopping the truck, Mindrup pulled down G.S.'s dress, sucked on her right breast, and digitally penetrated her vagina before returning G.S. to the bar. G.S. called 911, and an ambulance transported her to a hospital. The nurse who examined G.S. indicated that G.S. had bilateral pain on her breasts and that G.S.'s vaginal area was tender.

A jury found Mindrup guilty of second- and third-degree criminal sexual conduct, and the district court sentenced Mindrup to 90 months in prison. Mindrup filed a notice of appeal, but subsequently moved to stay the appeal in order to pursue postconviction relief. After we granted Mindrup's motion, he petitioned the district court for postconviction relief. The district court denied Mindrup's petition. Mindrup then moved this court to dissolve the stay of his direct appeal, and this court granted the motion.

# DECISION

"When a defendant initially files a direct appeal and then moves for a stay to pursue postconviction relief, [an appellate court] review[s] the postconviction court's decisions using the same standard that [it] appl[ies] on direct appeal." *State v. Beecroft*, 813 N.W.2d 814, 836 (Minn. 2012).

## *Prosecutorial misconduct*

Mindrup argues that the prosecutor committed misconduct by failing to disclose that G.S. had a 2006 misdemeanor conviction for providing a false name to a peace officer. "The overarching problem presented by prosecutorial misconduct is that it may deny the defendant's right to a fair trial." *State v. Washington*, 725 N.W.2d 125, 133 (Minn. App. 2006), *review denied* (Minn. Mar. 20, 2007). In felony cases, a prosecutor must disclose "[t]he names and addresses of witnesses who may be called at trial, along with their record of convictions, if any, within the prosecutor's actual knowledge." Minn. R. Crim. P. 9.01, subd. 1(1)(a). But a prosecutor's failure to disclose a witness's criminal record does not necessarily require reversal if the error was not prejudicial. *State v. Jackson*, 346 N.W.2d 634, 638 (Minn. 1984). When the state presents additional inculpatory evidence, it "decreases the likelihood that any error was prejudicial." *Id.*

The state concedes that it failed to disclose G.S.'s prior conviction. But Mindrup's argument is still unpersuasive. First, the record does not indicate that the state acted in bad faith. Generally, when discovery violations appear to be the result of "oversight or mistake" and "not deliberate attempts to hide facts or surprise the defense," the defendant is not deprived of a fair trial. *See State v. Scanlon*, 719 N.W.2d 674, 687 (Minn. 2006);

3

*see also State v. Miller*, 754 N.W.2d 686, 706 (Minn. 2008) (stating that a discovery violation did not prejudice the defendant when the prosecutor "followed his office's usual practice for obtaining criminal history records").

Second, Mindrup was not prejudiced by the state's inadvertence. *See State v. Palubicki*, 700 N.W.2d 476, 489 (Minn. 2005) (stating that "without a showing of prejudice to the defendant, the state's violation of a discovery rule will not result in a new trial"). Here, several witnesses provided testimony consistent with G.S.'s testimony. For example, G.S. testified that Mindrup caused her pain by sucking on her breast, and the nurse who examined G.S. indicated that G.S. had redness on her areola. Mindrup's testimony was not as consistent; Mindrup testified that his face contacted G.S.'s breast for a "second" at the bar and that he did not touch G.S.'s areolas. Therefore, Mindrup's prosecutorial-misconduct argument is unpersuasive because the failure to disclose the criminal record was inadvertent and nonprejudicial.[1]

### Ineffective assistance of counsel

Mindrup argues that he received ineffective assistance of counsel. Ineffective-assistance-of-counsel claims are reviewed de novo. *Opsahl v. State*, 677 N.W.2d 414, 420 (Minn. 2004). To establish ineffective assistance of counsel, Mindrup must demonstrate that "counsel's performance fell below an objective standard of

---

[1] Mindrup also argues that the prosecutor committed misconduct by failing to examine three witnesses who, allegedly, could have impeached G.S. But Mindrup does not cite any authority or provide any argument explaining why the prosecutor was compelled to call the witnesses, and prejudicial error is not obvious on mere inspection. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006), *aff'd*, 728 N.W.2d 243 (Minn. 2007).

reasonableness, and that a reasonable probability exists that the outcome would have been different but for counsel's errors." *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003) (quotation omitted). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* (quotation omitted).

### A. Right to remain silent

Mindrup first argues that his attorney was ineffective because he: (1) subjected him to interrogation by two police officers during the investigation and (2) told him that he "must testify" during trial. We are not persuaded.

First, Mindrup forfeited these arguments. *See State v. Myhre*, 875 N.W.2d 799, 806 (Minn. 2016) (stating that an appellate court may deem issues raised in a brief, but "not adequately argued or explained," forfeited on appeal). "An assignment of error in a brief based on mere assertion and not supported by argument or authority is [forfeited] unless prejudicial error is obvious on mere inspection." *State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) (quotation omitted), *aff'd*, 728 N.W.2d 243 (Minn. 2007). Here, Mindrup briefly states his arguments and cites four irrelevant cases in the "Legal Issues" section of his brief. Mindrup does not further argue or explain his bald assertions. Moreover, prejudicial error is not obvious on mere inspection; Mindrup's attorney may have felt that speaking with the police and testifying were in Mindrup's best interests because the state possessed and presented a significant amount of incriminating evidence.

Additionally, Mindrup informed the district court that he understood and wished to waive his right to remain silent, and that nobody coerced him into waiving his right to

5

remain silent. Therefore, Mindrup did not receive ineffective assistance of counsel when he was interrogated and subsequently chose to testify.

### B. Failure to impeach a witness with prior conviction

Mindrup argues that his attorney failed to "find and use [G.S.'s] conviction for lying to a peace officer" for impeachment purposes. But Mindrup simply states this claim in the "Legal Issues" section of his brief and cites two irrelevant cases. Therefore, Mindrup forfeited this argument because it is not "supported by argument or authority" and prejudicial error is not obvious on mere inspection. *See id.*

### C. Failure to call additional witnesses

Mindrup argues that his attorney failed to call three witnesses. Mindrup asserts that one witness could have testified that G.S. previously made threatening statements regarding Mindrup and the other two could have testified that G.S. recanted her allegation. Mindrup again forfeited this argument because it is not "supported by argument or authority" and prejudicial error is not obvious on mere inspection. *See id.*

Additionally, determining which witnesses to call constitutes trial strategy, "which lie[s] within the proper discretion of trial counsel and will generally not be reviewed later for competence." *See State v. Bobo*, 770 N.W.2d 129, 138 (Minn. 2009); *see also State v. Voorhees*, 596 N.W.2d 241, 255 (Minn. 1999) (stating that counsel's decision regarding which witnesses to call involves "trial strategy that [an appellate court] will not review").

### D. Failure to adequately cross-examine a witness and introduce evidence

Mindrup argues that his attorney failed to adequately cross-examine the nurse who examined G.S. An appellate court typically will not review an attorney's decision

regarding what evidence to present to the jury, including the extent of cross-examination. *See Reed v. State*, 793 N.W.2d 725, 733, 736 (Minn. 2010); *State v. Miller*, 666 N.W.2d 703, 717 (Minn. 2003) (rejecting an ineffective-assistance-of-counsel claim based, in part, on ineffective cross-examination).

Moreover, the record does not support Mindrup's argument. Mindrup claims that he was convicted of using coercion to accomplish criminal sexual conduct, but that G.S. told the nurse that Mindrup did not threaten or coerce her. While the nurse's report contains a checked box indicating that the incident did not involve "[v]erbal threats/coercion," Mindrup was convicted of using "*force or* coercion" to accomplish the act. *See* Minn. Stat. §§ 609.343, subd. 1(e)(i); .344, subd. 1(c) (2012) (emphasis added). The jury could have concluded that Mindrup used force rather than coercion. Further, the report indicates that G.S. did not consent to Mindrup's actions, and counsel did cross-examine the nurse regarding other portions of the report.

Mindrup similarly argues that his attorney failed to introduce into evidence the nurse's report documenting G.S.'s examination. Again, an appellate court typically will not review an attorney's decision regarding what evidence to present to the jury. *See Reed*, 793 N.W.2d at 733. Moreover, counsel's decision was reasonable because the report contains incriminating information. *See State v. Lahue*, 585 N.W.2d 785, 790 (Minn. 1998) ("Appellant does not explain how any of the items . . . would exonerate him. In contrast, several pieces of physical evidence tie the appellant to the murder.").

*E. Failure to move for suppression of 911 recording*

Mindrup argues that his attorney failed to move for suppression or dismissal when counsel discovered that "half of [the] 911 call was destroyed by the [s]tate." But Mindrup, again, forfeited this claim because it is not "supported by argument or authority" and prejudicial error is not obvious on mere inspection. *See Wembley*, 712 N.W.2d at 795.

*F. Failure to object when the prosecutor referred to "we" and "us"*

Mindrup argues that his attorney failed to object to the prosecutor's use of the words "we" and "us" during her opening and closing arguments. We are not persuaded.

First, this court has consistently held that an attorney's representation does not "fall below an objective standard of reasonableness" when he decides not to object during closing argument because such action constitutes trial strategy. *See, e.g.*, *Sanderson v. State*, 601 N.W.2d 219, 226 (Minn. App. 1999), *review denied* (Minn. Mar. 28, 2000).

Second, Mindrup was not prejudiced by his attorney's failure to object to the prosecutor's comments. "[A] prosecutor is not a member of the jury, so to use 'we' and 'us' is inappropriate and may be an effort to appeal to the jury's passions." *State v. Mayhorn*, 720 N.W.2d 776, 790 (Minn. 2006). In *Mayhorn*, the prosecutor stated: "This is kind of foreign for all of us, I believe, because we're not really accustomed to this drug world and drug dealing." *Id.* at 789. The supreme court reasoned that "even to the extent it is permissible to describe a 'drug world' of which the jury is not a part, it does not follow that a prosecutor may describe herself and the jury as a group of which the defendant is not a part." *Id.* at 790.

8

The supreme court later stated that a prosecutor does not commit misconduct by using "we" when "describing the evidence . . . presented at trial (i.e., 'we learned' various facts from the trial testimony)." *See Nunn v. State*, 753 N.W.2d 657, 663 (Minn. 2008). Here, the prosecutor used "we" in opening and closing arguments, however, all but two of the instances are similar to the use permitted in *Nunn*. The prosecutor, however, twice used "we" in an inappropriate manner. In her opening argument the prosecutor stated: "This is a case about misplaced trust. About trust placed in police officers. The trust we place in them to serve and protect people." In her closing argument the prosecutor stated: "I told you that [this case] was . . . about an abuse of trust. The trust we place in people that we know to hold positions of authority . . . ."

These two statements were inappropriate because Mindrup was a law-enforcement officer at the time of the offense and the prosecutor used "we" to describe herself and the jury as a group to which Mindrup was not a member—civilians who are not peace officers. *See Mayhorn*, 720 N.W.2d at 790; *see also Nunn*, 753 N.W.2d at 663 (stating that the prosecutor did not use "we" to place the defendant and prosecutor in separate groups). Nevertheless, Mindrup's argument is still unpersuasive because the two comments constitute less than one page of approximately 28 pages of arguments. *See Sanderson*, 601 N.W.2d at 226–27 (stating that appellant did not receive ineffective assistance because he failed to show that the verdict would have been different if his attorney objected during closing argument); *State v. Ture*, 353 N.W.2d 502, 517 (Minn. 1984) (stating that objectionable comments did not constitute prosecutorial misconduct

9

because they were isolated and made during a lengthy argument). Therefore, Mindrup did not receive ineffective assistance of counsel.

**Affirmed.**