*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0494**

State of Minnesota,
Respondent,

vs.

Steven Charles Lind,
Appellant.

**Filed September 19, 2016
Affirmed
Bratvold, Judge**

Isanti County District Court
File No. 30-VB-15-2864

Lori M. Swanson, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Timothy C. Nelson, Assistant County Attorney, Holly L. Mikeworth, Assistant County Attorney, Cambridge, Minnesota (for respondent)

Steven Charles Lind, Isanti, Minnesota (pro se appellant)

Considered and decided by Peterson, Presiding Judge; Hooten, Judge; and Bratvold, Judge.

## UNPUBLISHED OPINION

**BRATVOLD**, Judge

Appellant Steven Charles Lind appeals his convictions of operating an unregistered vehicle, knowingly operating a vehicle without insurance, and failing to produce proof of

insurance, arguing that the statutes under which he was convicted do not apply to him or his conduct. Because we conclude that the statutes do apply, we affirm Lind's convictions.

## FACTS

Appellant Steven Charles Lind was pulled over on November 26, 2015, when a deputy from the Isanti County Sheriff's Office observed him driving a blue pickup truck with a license plate that "appeared to be old" and, upon closer inspection, said "NOT REG" and "not FOR HIRE." The deputy questioned Lind about the plate, and Lind responded that he did not need to register his truck and handed the deputy "three stapled sheets of paper explaining why." Lind also stated that he did not have insurance on his truck.

Lind was cited for (1) operating a motor vehicle without required registration, *see* Minn. Stat. § 169.79, subd. 1 (2014); (2) operating a motor vehicle by an owner who knows that the vehicle does not have the required insurance, *see* Minn. Stat. § 169.797, subd. 2 (2014); and (3) failing to produce proof of insurance, *see* Minn. Stat. § 169.791, subd. 2(a) (Supp. 2015). Following a court trial, Lind was convicted of all charged offenses. He was fined $430 plus fees. Lind appeals all three convictions.

## D E C I S I O N

Lind appears to argue that the statutes under which he was convicted do not apply to him. Because Lind has not provided a transcript on appeal, we are limited to reviewing his statutory interpretation arguments, which do not require a transcript for effective review. Statutory interpretation is a question of law that we review de novo. *State v. Mauer*, 741 N.W.2d 107, 111 (Minn. 2007).

## I.	Vehicle Registration

Minnesota law provides that "[n]o person [may] operate, drive, or park a motor vehicle on any highway unless the vehicle is registered in accordance with the laws of this state." Minn. Stat. § 169.79, subd. 1 (2014). Failure to do so is a misdemeanor if preceded by at least two petty misdemeanor convictions within the "immediate preceding 12-month period." Minn. Stat. § 169.89, subd. 1 (2014).

Lind appears to argue that the motor vehicle registration statute does not apply to him because it only applies to commercial drivers. He contends that a "Motor vehicle is commercial vehicle, driver is a[n] occupation, traffic is commerce, and state of [M]innesota is territory within the borders of Minnesota owned by the United States of America." Section 169.79, subd. 1, however, applies to all drivers and is not limited to commercial drivers.

Lind also maintains that he does not reside in the State of Minnesota, but rather in "Minnesota." Accordingly, he claims that he is exempt from vehicle registration because he is a nonresident. *See* Minn. Stat. § 168A.03, subd. 1(2) (Supp. 2015) (providing that vehicles owned by nonresidents that are not required by law to be registered in Minnesota need not have Minnesota certificates of title). Because Lind does not provide any coherent law or argument supporting a legal distinction between the State of Minnesota and Minnesota, this argument is forfeited. *See State v. Myhre*, 875 N.W.2d 799, 806 (Minn. 2016) (stating that issues "not adequately argued or explained" are forfeited).

Lind's argument also relies on statutory definitions, such as the definition of "person" in the Minnesota tax code, which "includes FIRM, COMPANY, or

CORPORATION." Minn. Stat. § 272.03, subd. 9 (defining "person" for purposes of chapter 272). He argues that the statute only applies to firms, companies and corporations and not natural persons. This argument fails because chapter 169 (Traffic Regulations) has its own definition of "person," which unambiguously refers to natural persons. *See* Minn. Stat. § 169.011, subd. 54 (2014) (defining "person" as "every natural person, firm, copartnership, association, or corporation").

Finally, Lind asserts that "motor vehicle" is a commercial vehicle and therefore does not include his pickup. To support this argument, Lind appears to cite the statutory definition of "commercial motor vehicle" from Minnesota Statutes Chapter 171 (Drivers' Licenses and Training Schools). *See* Minn. Stat. § 171.01, subd. 22 (2014) (defining "commercial motor vehicle" in part as "a motor vehicle or combination of motor vehicles used to transport passengers or property"). Lind's argument fails because it is not logical. Even if Minnesota law defines a commercial motor vehicle to be a motor vehicle, it does not follow that all statutory references to "motor vehicle" refer only to commercial vehicles. Lind also cites a federal statute defining "motor vehicle" for the purposes of that federal statute. *See* 18 U.S.C. § 31(a)(6) (2012). This argument fails because the definition only applies to the specific chapter of the federal code in which it is found.

We conclude that the vehicle registration statute (a) applies to all drivers and is not limited to commercial drivers; (b) applies to natural persons and is not limited to firms, companies, and corporations; and (c) applies to motor vehicles, as defined in Minn. Stat. § 169.011, subd. 42, and is not limited to commercial motor vehicles.

4

## II.     Insurance

Minnesota law provides that an owner of a vehicle who operates the vehicle on a public highway, street, or road, while knowing that the vehicle does not have legally required insurance, is guilty of a crime. Minn. Stat. § 169.797, subd. 2. In addition, drivers must possess proof of insurance while operating their vehicles and must produce the proof of insurance at the request of a peace officer. Minn. Stat. § 169.791, subd. 2(a). Failure to do so is a misdemeanor. *Id.*

Lind relies on the same reasoning as his registration argument to contend that he was not required to carry or produce motor vehicle insurance: he maintains that he was not a driver of a motor vehicle and that he is not a citizen of the State of Minnesota. For the reasons stated above, we reject Lind's contentions.

In addition, Lind argues that the failure-to-produce-insurance statute does not apply to him because it applies to "drivers," which he interprets to be only commercial drivers. Lind supports this argument by citing Bouvier's Law Dictionary, which defines "driver" as "One EMPLOYED in conducting a coach, carriage, wagon, or other vehicle." But the applicable definition is in chapter 169, which defines driver as "every person who drives or is in actual physical control of a vehicle." Minn. Stat. § 169.011, subd. 24 (2014).

The statutory definition controls over a dictionary definition. *See* Minn. Stat. § 645.08(1) ("[W]ords and phrases are construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a special meaning, or are defined in this chapter, are construed

5

according to such special meaning or their definition[.]"). We conclude that Lind's arguments are without merit.

## III. Other Issues

In addition, Lind appears to challenge some aspects of his trial. In the statement of the case he submitted on appeal, Lind argues that the officer who filed the complaint did not appear at his trial, that he was not allowed to present a defense, and that the state did not present any evidence that he was a driver of a motor vehicle for the purposes of the statute of conviction. Because Lind did not provide a transcript (and indicated that a transcript was not necessary), we cannot review these claims. *See Am. Family Life Ins. Co. v. Noruk*, 528 N.W.2d 921, 925 (Minn. App. 1995) (noting that when no transcript is provided, this court is "limited to determining whether the trial court's findings of fact support its conclusions of law").

**Affirmed.**

6