*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1414**

Timothy James Hirchert, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 6, 2026
Affirmed
Schmidt, Judge**

St. Louis County District Court
File No. 69VI-CR-21-422

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kimberly J. Maki, St. Louis County Attorney, Amber Pederson, Assistant County Attorney, Virginia, Minnesota (for respondent)

Considered and decided by Larson, Presiding Judge; Johnson, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

Appellant challenges the postconviction court's order denying his petition for postconviction relief seeking a new trial. We affirm.

# FACTS

Respondent State of Minnesota charged appellant Timothy James Hirchert with third-degree driving while impaired, a gross misdemeanor. In selecting a jury, Hirchert's counsel exercised four peremptory strikes rather than the five strikes available to the defense.[1] The district court empaneled the jury with one alternate juror. Before deliberations, the court dismissed the alternate juror. The jury deliberated and found Hirchert guilty.

After the jury announced its unanimous verdict and the district court excused the jurors, the district court noted for the record "that seven Jurors made the determination unanimously of Mr. Hirchert's guilt or not guilt," rather than the traditional six jurors for a trial involving a gross-misdemeanor charge. Neither party raised or objected to the number of jurors. The district court entered its final judgment of conviction and sentenced Hirchert to 364 days in jail, stayed for two years with various conditions.

Hirchert filed a petition for postconviction relief. Hirchert argued that he was "entitled to a new trial because the jury that convicted him was composed of seven deliberating jurors, which was not authorized by law." The postconviction court denied Hirchert's petition for relief because Hirchert "failed to prove that having seven jurors deliberate affected his substantial rights."

Hirchert appeals.

---

[1] The district court noted that 15 prospective jurors are called to the venire panel for misdemeanor cases because "the State is entitled to three peremptory strikes and the Defense is entitled to five peremptory strikes." When all strikes are used, that leaves a six-person jury with one alternate juror.

**DECISION**

"We review the denial of a petition for postconviction relief for an abuse of discretion." *Pearson v. State*, 891 N.W.2d 590, 596 (Minn. 2017). We review legal issues de novo and our "review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Id.* (quotation omitted).

Hirchert raised no objection to the seventh juror participating in the jury's deliberations. As such, we review Hirchert's appellate argument for plain error. *State v. Myhre*, 875 N.W.2d 799, 804 (Minn. 2016). To establish plain error, "a criminal defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affected the defendant's substantial rights." *Id.*[2] A defendant demonstrates that a plain error affected their substantial rights by showing that "the error was prejudicial and affected the outcome of the case." *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). If the defendant establishes these three prongs, we then assess whether reversal is required "to ensure fairness and the integrity of the judicial proceeding." *Roberts*, 651 N.W.2d at 201.

The parties agree that allowing seven jurors to deliberate in this gross misdemeanor case constituted an error that was plain.[3] Because we resolve this case on the third prong

---

[2] If Hirchert establishes error that is plain, we must address the substantial-rights prong because an extra juror deliberating does not constitute structural error. *See State v. Roberts*, 651 N.W.2d 198, 201 (Minn. App. 2002) ("[T]he failure to discharge an alternate juror is not so serious that in every situation it requires automatic reversal." (citing *State v. Crandall*, 452 N.W.2d 708, 710-11 (Minn. App. 1990))), *rev. denied* (Minn. Dec. 17, 2002). In this appeal, Hirchert neither advanced a structural-error argument nor suggested that we overrule our caselaw that rejected a structural-error approach.

[3] We are not so sure. The Minnesota Constitution requires 12 jurors for trials involving felony charges. Minn. Const. art. I, § 6. *See also Roberts*, 651 N.W.2d at 201 ("We start

of the plain-error test, we assume—without deciding—that allowing a seven-member jury

to unanimously find Hirchert guilty in this gross-misdemeanor case constituted plain error.

We conclude, however, that any plain error did not affect Hirchert's substantial rights.

---

from the fundamental proposition that in a felony prosecution the Minnesota Constitution provides for a jury of twelve persons, no more and no fewer."). Our state constitution notes that in non-felony prosecutions, "the legislature may provide for the number of jurors, provided that a jury have at least six members." Minn. Const. art. I, § 6. The parties have not cited a statute that specifies the number of jurors for non-felony criminal trials, and our independent research has not revealed any such law enacted by the legislature. The parties have also failed to cite a law or a rule that requires a specific waiver from a defendant before allowing *more* than six jurors to deliberate in a gross misdemeanor trial. *Cf.* Minn. R. Crim. P. 26.01, subd. 1(4) (providing the parties may stipulate to "a number of jurors *fewer* than that provided by law" (emphasis added)). We acknowledge that the rules of criminal procedure require a district court to discharge an alternate juror when the jury retires to consider its verdict (Minn. R. Crim. P. 26.02, subd. 9), but we note that the district court complied with that rule in this case by dismissing the alternate, which happened to be the eighth juror. The parties cite caselaw in which we addressed circumstances of felony prosecutions where 13 jurors deliberated rather than the constitutionally required 12. *See Roberts*, 651 N.W.2d at 201; *State v. Almanza*, No. A11-502, 2012 WL 761956 (Minn. App. Mar. 7, 2012), *rev. granted* (Minn. May 30, 2012), *appeal dismissed* (Minn. Jan. 14, 2013). These cases are not controlling because the state constitution requires exactly 12 jurors for felony cases, whereas there is no requirement about the precise number of jurors for misdemeanor or gross misdemeanor cases. The objected-to-error case that Hirchert relies upon acknowledged that there was no law or rule that prohibited a jury of seven in a misdemeanor trial but ordered a new trial because a seventh juror was not authorized and the state failed to rebut the presumption of prejudice to the defendant. *See State v. Washington*, 632 N.W.2d 758, 761 (Minn. App. 2001). That decision was based on the defendant's objection to the seventh juror before the jury returned its verdict, the lack of any agreement by the parties to allow seven jurors to deliberate, and the lack of court approval for a seven-member jury. *Id.* at 760-61. The objection in that case brought the issue to the district court's attention and preserved the error for our plenary review. *Id.* But given the lack of a clear rule, law, or precedential authority that mandates six jurors, no more and no fewer, we question whether the error in this case was "plain." *See State v. Portillo*, 998 N.W.2d 242, 250 (Minn. 2023) (stating that an error is "plain" if it is "clear or obvious," which is "[u]sually . . . shown if the error contravenes case law, a rule, or a standard of conduct" (quotations omitted)). Nonetheless, for purposes of this appeal we assume, without deciding, that allowing seven jurors to deliberate constituted plain error.

Our caselaw guides our analysis. In *Roberts*, we considered whether—on plain-error review—we should reverse and remand for a new trial where a 13th juror participated in deliberations with the 12-member jury until dismissal before the jury reached a verdict. 651 N.W.2d at 201. We held that "even if a thirteen-member jury could be considered plain error, [the defendant] . . . failed to show that allowing thirteen jurors, rather than twelve jurors, affected his substantial rights." *Id.* at 202-03. In reaching this decision, we cited persuasive authority from the United States Courts of Appeal for the Second and Fourth Circuits for their observation that it is more difficult to get a 13-person jury to convict a defendant than a 12-person jury. *Id.* at 203; *United States v. Myers*, 280 F.3d 407, 412 (4th Cir. 2002) ("All other things being equal, it cannot possibly be less difficult for the government to get thirteen jurors to agree that a defendant is guilty beyond a reasonable doubt than it is to get twelve to so agree."); *United States v. Reed*, 790 F.2d 208, 210 (2d Cir. 1986) ("[W]e are satisfied that there is no likelihood whatever that a thirteen-man jury would convict more readily than would a twelve-man jury.").

Like in *Roberts*, we must analyze Hirchert's issue through the lens of plain error. And, like we did in *Roberts*, we determine that Hirchert failed to demonstrate that allowing seven jurors to deliberate—and return a unanimous verdict—affected his substantial rights. We conclude that the postconviction court did not abuse its discretion when it denied Hirchert's petition for postconviction relief.

**Affirmed.**